■ In the Matter of ESTELLE THOMMA, Deceased. HELEN SILAK, Appellant; NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Respondent. [648 NYS2d 453] —In a proceeding for the judicial settlement of the account of the administratrix of the estate of Estelle Thomma, the administratrix appeals from an order of the Surrogate's Court, Queens County (Nahman, S.), dated April 3, 1995, which granted the motion of the objectant New York City Department of Social Services for summary judgment on its preferred claim to recover public assistance benefits rendered to the decedent.

Ordered that the order is affirmed, without costs or disbursements.

The court properly granted summary judgment in favor of the New York City Department of Social Services (hereinafter the Department) on its claim against the decedent's estate pursuant to Social Services Law § 104 (1) for recoupment of public assistance in the form of Medicaid benefits paid on behalf of the decedent. Where, as here, the decedent's estate was discovered to have resources in excess of $100,000, her receipt of public assistance within the past 10 years constituted an implied contract to repay *(see, Hoke v Ortiz,* 83 NY2d 323, 328).

The appellant's challenge to the sufficiency of the Department's showing that the benefits were actually received is unavailing. Computer printouts are admissible as business records if the data was stored in the normal course of business, and, insofar as the best evidence rule is concerned, the voluminous writings exception applies *(see,* CPLR 4518 [a]; Prince, Richardson on Evidence [Farrell 11th ed] § 8-304; *Guth*

*Realty v Gingold,* 34 NY2d 440, 452; *Briar Hill Apts. Co. v Teperman,* 165 AD2d 519, 521-522).

The appellant's remaining contentions are without merit.

O'Brien, J. P., Copertino, Pizzuto and Hart, JJ., concur.