■ F. K. GAILEY COMPANY, INC., Respondent, v WILBURT C. WAHL, JR., Individually and Doing Business as FRENCH CREEK MARINA, Appellant. [692 NYS2d 563] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant contends that the jury verdict in favor of plaintiff on defendant's counterclaim is against the weight of the evidence. A verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Grassi v Ulrich,* 87 NY2d 954; *Lolik v Big V Supermarkets,* 86 NY2d 744, 746). The jury's finding that plaintiff delivered gasoline in accordance with its warranty is based upon a fair interpretation of the evidence (*see, Barresi v Kapr,* 226 AD2d 1074, *appeal dismissed* 88 NY2d 1005).

Contrary to defendant's contention, the computer printout of outstanding amounts due plaintiff was properly admitted as a business record because the data was stored in the regular course of business (*see,* CPLR 4518 [a]; *Matter of Thomma,* 232 AD2d 422; *Briar Hill Apts. Co. v Teperman,* 165 AD2d 519, 521-522). We reject defendant's contention that the late fee of 2% charged by plaintiff was usurious. The late fee was not a loan or forbearance of money and thus the usury statute does not apply (*see,* General Obligations Law § 5-501 [2]; *Waterbury v City of Oswego,* 251 AD2d 1060; *Matter of City of Binghamton [Ritter],* 133 AD2d 988, 989, *lv dismissed* 70 NY2d 1002). We further reject defendant's contention that the late fee was unconscionable.

We agree with defendant, however, that the judgment must be modified. Supreme Court held that it would calculate damages based on the jury's resolution of the disputed issues and that those damages would be offset by credits due defendant pursuant to the parties' stipulation. The court did not calculate

damages, however, and the judgment filed by plaintiff based on its own calculation of damages did not include the offset. Because we cannot determine from the record the amount of the offset, we modify the judgment by vacating the amount of damages and remit this matter to Supreme Court to calculate the proper amount of damages. (Appeal from Judgment of Supreme Court, Jefferson County, Schwerzmann, J.—Contract.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Scudder, JJ.