OPINION OF THE COURT
Andrew M. Engel, J.
The defendant was charged with driving while intoxicated per se, driving while intoxicated, disobeying a traffic control device, making an unsafe lane change, failing to use due care for an emergency vehicle and failing to wear a seat belt, in violation of Vehicle and Traffic Law §§ 1192 (2) and (3), 110 (a), 1128 (a), 1144 (a) and 1229-c (3), respectively.
The matter was tried before a jury and this court (Engel, J.) on May 15, 16, 17, 20 and 21, 2013. During trial the court granted the defendant’s motion to dismiss the charges of disobeying a traffic control device, making an unsafe lane change and failing to wear a seat belt. The jury found the defendant guilty of driving while intoxicated per se, driving while intoxicated and failing to use due care for an emergency vehicle. The defendant has not yet been sentenced.
The defendant now moves to set aside his convictions for driving while intoxicated per se and driving while intoxicated, pursuant to CPL 330.30 (1). The defendant argues that the admission into evidence, during the course of the trial, of certain electronic records “relating to the calibration and maintenance of the breath testing device utilized by the police in this matter . . . was erroneous as a matter of law.” (Lockwood affirmation, June 26, 2013, 1111 4, 7.) At the time of trial, as he does now, the defendant raised a singular objection to the admission of the reference gas record, the breath test instrument maintenance *871 record, the breath test instrument calibration record and the breath test instrument calibration/maintenance record (the documents here in question). It was, and is, the defendant’s contention that, as “reproductions” of electronic records, the documents here in question should not have been admitted into evidence because “the prosecution had not shown compliance with Section 4539 of the Civil Practice and Law Rules [sic].” (Lockwood affirmation, June 26, 2013, If 9.)
In addition thereto, the defendant now alleges that the court erred in charging the jury by “[making] explicit reference to the impermissibly admitted evidence.” No such objection was raised to the court’s charge at the time of trial.
In opposition, the People argue that the documents in question “were ‘electronic records’ within the meaning of [State Technology Law] § 302” and “never existed in documentary form.” (Henesy affirmation, July 22, 2013, 1i 26.) As such, the People argue that these documents “fall[ ] both squarely within the parameters of [CPLR] § 4518 (a) and decidedly outside the scope of § 4539 (b).” (Henesy affirmation, July 22, 2013, 11 27.) The People further argue that, given the fact that the defendant did not object to the admission into evidence of the breath alcohol analysis record containing the results of the defendant’s chemical breath test, the defendant waived any objection to the admission of the documents here in question.
A plain reading of the applicable sections of the State Technology Law, CPLR 4518 (a) and 4539, as well as the legislative history of these sections, makes clear that there was no merit to the defendant’s objection at the time of trial and no merit to the present motion. As will be discussed at length hereinafter, the documents in question neither existed as a “hardcopy” original, which was then “reproduced,” nor were they copies made in the regular course of business, each condition being a necessary predicate for the application of CPLR 4539.
Our analysis must begin with the understanding that the defendant’s objection is one based upon the best evidence rule, which generally provides that when a party seeks to prove the contents of a writing the original must be produced or its absence must be satisfactorily explained. (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639 [1994]; Kliamovich v Kliamovich, 85 AD3d 867 [2d Dept 2011].) CPLR 4539, upon which the defendant’s objection was premised, “carves out an exception to the best evidence rule for business records that are copied or reproduced, on the rationale that, in today’s com *872 mercial world, the accuracy of such copies is relied on without question.” (People v May, 162 AD2d 977, 978 [4th Dept 1990], lv denied 76 NY2d 861 [1990].)
Before its amendment in 1996, CPLR 4539 provided:
“If any business, institution, or member of a profession or calling, in the regular course of business or activity has made, kept or recorded any writing, entry, print or representation and in the regular course of business has recorded, copied, or reproduced it by any process which accurately reproduces or forms a durable medium for reproducing the original, such reproduction, when satisfactorily identified, is as admissible in evidence as the original, whether the original is in existence or not, and an enlargement or facsimile of such reproduction is admissible in evidence if the original reproduction is in existence and available for inspection under direction of the court. The introduction of a reproduction does not preclude admission of the original.”
Pursuant to this statutory exception to the best evidence rule, copies of documents were admissible as the original “provide[d] that copies of original documents [are] made in the regular course of business, if properly identified.” (People v Roach, 226 AD2d 55, 60 [4th Dept 1996].)
“This rule recognize[d] the fact that the modern business practice is to make photographic reproductions in the regular course of business and also of the fact that photographic reproductions so made are sufficiently trustworthy to be treated as originals for the purpose of the best evidence rule (see, Richardson, Evidence § 577, at 585 [Prince 10th ed]).” (People v Flores, 138 AD2d 512, 513 [2d Dept 1988].)
In 1996 CPLR 4539 was amended and divided into two subdivisions. The new section 4539 (a) retained all of the provisions of the old section 4539 and added the italicized language below:
“If any business, institution, or member of a profession or calling, in the regular course of business or activity has made, kept or recorded any writing, entry, print or representation and in the regular course of business has recorded, copied, or reproduced it by any process, including reproduction, which accurately reproduces or forms a durable medium for reproducing the original, such reproduc *873 tian, when satisfactorily identified, is as admissible in evidence as the original, whether the original is in existence or not, and an enlargement or facsimile of such reproduction is admissible in evidence if the original reproduction is in existence and available for inspection under direction of the court. The introduction of a reproduction does not preclude admission of the original.”
Subdivision (b), which reads as follows, was also added to section 4539:
“A reproduction created by any process which stores an image of any writing, entry, print or representation and which does not permit additions, deletions, or changes without leaving a record of such additions, deletions, or changes, when authenticated by competent testimony or affidavit which shall include the manner or method by which tampering or degradation of the reproduction is prevented, shall be as admissible in evidence as the original.”
Defendant seizes on the word “reproduction” to urge that subdivision (b) applies to any electronically stored document offered into evidence. Contrary to the defendant’s argument, “reproduction” does not refer to a “document” which was originally created electronically and later printed out as a hard copy. “Reproduction,” as used in CPLR 4539 (b), refers to the situation where a hard copy of an original paper document is first stored electronically and later printed as a “reproduction” of that original hard copy. As noted in the Practice Commentaries:
“The 1996 amendment to CPLR 4539, adding subdivision (b), is also of limited utility with respect to electronic records. CPLR 4539(b) governs the admissibility of ‘reproductions’ of business records that were originally in documentary form and then stored by means of optical scanning or imaging. Electronic records, in contrast, are created or stored by electronic means from the outset and are not within the general scope of CPLR 4539(b). Furthermore, CPLR 4539(b) ‘could have the unintended effect of restricting the admissibility of electronic records not stored with the technology described in [that statute].’ OCA Memorandum.” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4518:4A at 455 [emphasis added].)
*874 The same application of the statute is recognized in 9-R4539 Weinstein-Korn-Miller, New York Civil Practice CPLR H 4539.11 (David L. Fernstendig):
“CPLR 4539 (b) . . . expressly recognizes as an acceptable reproduction one which is created by electronic or any other technical process, provided that two requirements are satisfied: the process must store an image of the original; and the trial judge must be satisfied, based upon authenticating testimony or affidavit, that such an image cannot be altered without leaving some detectable record that alteration has occurred. The purpose of CPLR 4539(b) is to acknowledge and accept existing and future technologies which accomplish image storage by a variety of different methods, while also recognizing that some of those technologies permit tampering with stored images in ways that were not feasible when photocopies or microfilm images were involved. Thus, when an image is scanned by a device which is controlled by a computer and stored on magnetic media, the image may be retrieved by a graphics editing program and easily altered in appearance or in content.” (Emphasis added.)
The defendant’s argument is similarly belied by the legislative intent and history of the statute. In its memorandum in support of the amendment, the New York State Senate recognized:
“Electronic data imaging, or optical disk storage, is a relatively new computer technology for the digital storage of paper documents. The document is ‘read’ by an optical scanner and stored in binary form on a computer readable disk. It can then be called up so that its ‘picture’ appears on the screen exactly as it was scanned. The document, in electronic form, can then be used in the course of business, sent to other computers connected to the system, or printed to make an exact duplicate of the original.
“Optical storage holds great potential for government, financial and insurance companies and other large businesses and institutions that must retain large volumes of documents for long periods of time. Optical disk systems are being installed in growing numbers because of the economy, efficiency, reliability and durability of the medium. The most obvious benefit is the system’s ‘electronic file cabinet’ *875 capabilities. Optical systems can put the contents of literally a warehouse full of file cabinets at an operator’s fingertips. Unfortunately, government entities and businesses that adopt optical disk systems cannot take full advantage of one of the most important attributes of this technology — the ability to dispense with storage of paper records altogether. This is because of uncertainty as to the admissibility of records reproduced by optical disk technology under CPLR Rule 4539. . . .
“If there were legal certainty as to the admissibility of optical disk records, governmental entities and businesses that use optical disk systems would realize significant cost savings from the avoidance of storage costs and the inefficient use of employee time for document filing and retrieval.” (Senate Mem in Support, 1996 McKinney’s Session Laws of NY at 1999-2000 [emphasis added].)
It is here worth noting that the Advisory Committee of Civil Practice proposed a much broader amendment to section 4539, more consistent with the defendant’s position. That committee proposed:
“an amendment to CPLR 4539 relating to the admissibility into evidence of computer generated business records. The proposed amendment would add a new subdivision (b) to Rule 4539, and expressly permit the introduction into evidence of data used or stored as a business record in any tangible form that accurately represents the business record. The proposal is intended to address both facsimile storage of original hardcopy [sic] business records, and also reconstitutions of data used in the ordinary course of business which may never have been maintained as a paper document.” (1996 Rep of Advisory Comm on Civ Prac, reprinted in 1996 McKinney’s Session Laws of NY at 2725 [emphasis added].)
As indicated hereinabove, that proposed amendment, which would have included reproductions of original hard copies, as well as “reconstitutions of data . . . which may never have been maintained as a paper document,” was never adopted. (1996 Rep of Advisory Comm on Civ Prac, reprinted in 1996 McKinney’s Session Laws of NY at 2725.) As noted, the legislature instead adopted an amendment with application limited to “reproductions of business records produced by new technolo *876 gies, including optical imaging” (Senate Mem in Support, 1996 McKinney’s Session Laws of NY at 1999), eliminating from the proposed amendment items which never existed as a paper document.
In further support of the fact that CPLR 4539 does not apply to electronic records which never existed as a paper document is the 2002 amendment of CPLR 4518 (a), which shall be discussed at length hereinafter. In 2002 the Office of Court Administration (OCA) proposed an amendment to section 4518 (a) “relating to the admissibility into evidence of computer-generated business records.” (Mem of Off of Ct Admin, 2002 McKinney’s Session Laws of NY at 2149.) In so doing, OCA noted that the amendment was needed because, inter alia:
“CPLR 4539, which deals with reproductions such as carbon copies of photocopies, is not an adequate vehicle for providing for the introduction of exhibits derived from electronic records. This is because CPLR 4539 requires that the reproduction itself have been created in the ordinary course of business. . . . CPLR 4539(b), in dealing with reproductions through processes which store an image, and which processes do not permit alterations, deletions or changes without leaving a record of such additions, does not generally address database records and could impose technical impediments to admissibility based on difficulty and proof of the protections against undetectable alteration. The 1996 legislation that added subdivision (b) ensures that an electronic image of a document may be introduced into evidence in the same manner as the original document, and allows for paper intensive industries to safely dispose of hardcopy and archive only optically-scanned images. However, the 1996 legislation does not deal with technologies that record information other than through an image, and also such legislation could have the unintended effect of restricting the admissibility of electronic records not stored with the technology described in the legislation.” (Emphasis added.)
When applying all of these principles to the documents here in question, it is clear that they are electronic records which were created by electronic means from the outset. They were not presented as “ ‘reproductions’ of business records that were originally in documentary form and then stored by means of *877 optical scanning or imaging.” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4518:4A at 455.) Additionally, they were neither copies nor reproductions which were made in the regular course of business. The absence of either of these conditions takes these documents out of the ambit of CPLR 4539. (See Bell Atl. Yellow Pages v Havana Rio Enters., 184 Misc 2d 863 [Civ Ct, NY County 2000]; People v Roach.)
If it is not already clear that the provisions of CPLR 4539 do not apply to the documents here in question, and that the documents were properly admitted into evidence, an analysis of the applicable provisions of the State Technology Law and CPLR article 45 further clarify the issue.
State Technology Law § 302 provides:
“1. ‘Electronic’ shall mean of or relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities.
“2. ‘Electronic record’ shall mean information, evidencing any act, transaction, occurrence, event, or other activity, produced or stored by electronic means and capable of being accurately reproduced in forms perceptible by human sensory capabilities.
“3. ‘Electronic signature’ shall mean an electronic sound, symbol, or process, attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the record.”
State Technology Law § 304 (2) provides:
“In accordance with this section unless specifically provided otherwise by law, an electronic signature may be used by a person in lieu of a signature affixed by hand. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand.”
State Technology Law § 305 provides, in pertinent part:
“1. . . . government entities are authorized and empowered to produce, receive, accept, acquire, record, file, transmit, forward, and store information by use of electronic means. . . .
“3. An electronic record shall have the same force and effect as those records not produced by electronic means.”
State Technology Law § 306 provides:
*878 “In any legal proceeding where the provisions of the civil practice law and rules are applicable, an electronic record or electronic signature may be admitted into evidence pursuant to the provisions of article forty-five of the civil practice law and rules including, but not limited to section four thousand five hundred thirty-nine of such law and rules.”
As is made clear by the provisions of State Technology Law § 306, while an electronic record created by the scanning or imaging of an original hard copy may be admitted with testimony or an affidavit containing the qualifying language of CPLR 4539 (b), the proponent of an electronic record which was created electronically in the first instance and never existed as a hard copy is not limited to this section. If other evidentiary foundations are properly laid pursuant to applicable sections of article 45 of the CPLR, contrary to the defendant’s argument, such electronic record may be admitted, even in the absence of the qualifying language of section 4539 (b). (See Badio v Liberty Mut. Fire Ins. Co., 2002 NY Slip Op 50708[U], *9 [Sup Ct, NY County 2002] [finding “Computer printouts are admissible as routine business records if the data was stored in the normal course of business or properly authenticated by certification or a competent witness, under CPLR §§ 4518(a) or 4539(b)”].) The documents here in question are similarly admissible pursuant to CPLR 4518 (a), with or without certification or authentication required in CPLR 4518 (c) or 4520.
The pre-2002 amendment of section 4518 (a) provided: *879 Even under this old statute, where a proper business record foundation was laid, computer records were admissible as business records. (See People v Weinberg, 183 AD2d 932 [2d Dept 1992] [five computer printouts qualified and admitted as business records]; People v Markowitz, 187 Misc 2d 266 [Sup Ct, Richmond County 2001] [paper reproductions of computer records admitted over hearsay and best evidence objection]; Matter of Thomma, 232 AD2d 422, 422 [2d Dept 1996] [“Computer printouts are admissible as business records if the data was stored in the normal course of business”].)
*878 “(a) . . . Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter. All other circumstances of the making of the memorandum or record, including lack of personal knowledge by the maker, may be proved to affect its weight, but they shall not affect its admissibility. The term business includes a business, profession, occupation and calling of every kind.”
*879 Following its amendment in 2002, CPLR 4518 (a) was amended to include the italicized language added below:
“(a) . . . Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter. An electronic record, as defined in section one hundred two of the state technology law, used or stored as such a memorandum or record, shall be admissible in a tangible exhibit that is a true and accurate representation of such electronic record. The court may consider the method or manner by which the electronic record was stored, maintained or retrieved in determining whether the exhibit is a true and accurate representation of such electronic record. All other circumstances of the making of the memorandum or record, including lack of personal knowledge by the maker, may be proved to affect its weight, but they shall not affect its admissibility. The term business includes a business, profession, occupation and calling of every kind.” (L 2002, ch 136, § 1.)
Applying all of these provisions to the documents here in question, it must first be recognized that they were originally created by electronic means (State Technology Law § 302 [2]); they were not created, and did not exist, as original hard copies. They each contained an “electronic signature” (State Technology Law § 302 [3]), which may “be used by a person in lieu of a signature affixed by hand” (State Technology Law § 304 [2]) and be treated as such. (See also Wen Zong Yu v Charles Schwab *880 & Co., Inc., 34 Misc 3d 32 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; People v Johnson, 31 Misc 3d 145[A], 2011 NY Slip Op 50933[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011].) They were each accompanied by a statement from the Supervisor of Forensic Services, Forensic Investigation Center, indicating, inter alla, that each record was
“made in the regular course of business of the New York State Police Forensic Investigation Center, it is the regular course of business of the Forensic Investigation Center business to make such record, and such record was made at the time of each event recorded in it or within a reasonable time thereafter”; and, the Supervisor of Forensic Services further averred that each document was “an exact copy of an electronic record of the New York State Police Forensic Investigation Center . . . .”
Under such circumstances, each of these “tangible exhibit[s]” of an “electronic record” are to be treated with “same force and effect as those records not produced by electronic means” (State Technology Law § 305 [3]), with the “signature [having] the same validity and effect as ... a signature affixed by hand.” (State Technology Law § 304 [2].) In essence, these “tangible exhibits” are to be treated as original documents. As such, they are not subject to the best evidence rule, and CPLR 4539 has no application. Given the fact that a proper business record foundation was laid for the electronic records, and the court having taken into consideration “the method or manner by which the electronic record was stored, maintained or retrieved” (CPLR 4518 [a]), the documents were properly admitted pursuant to the business records exception to the hearsay rule.
The above notwithstanding, even if the best evidence rule were to apply to “tangible exhibits” of electronic records, the documents here in question were properly admitted pursuant to CPLR 4518 (c) and/or 4540.
CPLR 4518 (c) permits admission of all records, writings and other things referred to in CPLR 2306 (a) (“records relating to the condition or treatment of a patient”) and CPLR 2307 (“[b]oaks, papers and other things of a library, department or bureau of a municipal corporation or of the state”) “provided they bear a certification or authentication by the head of the . . . department or bureau ... of the state, or by an employee delegated for that purpose . . . .” To be admissible, it must also be established that such documents are business records pursuant to CPLR 4518 (a). (See People v Kinne, 71 NY2d 879 [1988]; People v Mertz, 68 NY2d 136 [1986].)
*881 In the matter sub judice, the certificate of Jennifer F. Limoges accompanying the documents here in question, in addition to the previously discussed business record foundation and authentication of same, indicates that the documents have been “delegated to [her] possession, custody and control by the Superintendent of the New York State Police.” Having met the foundational requirements, the records are “prima facie evidence” of the truth of the facts contained in the records. (See CPLR 4518 [c]; Rodriguez v Triborough Bridge & Tunnel Auth., 276 AD2d 769 [2d Dept 2000]; People v Kinne; People v Mertz; People v Damato, 79 AD3d 1060 [2d Dept 2010].)
Similarly, CPLR 4540 provides:
“(a) . . . An official publication, or a copy attested as correct by an officer or a deputy of an officer having legal custody of an official record ... of any state, . . . or of any of its . . . offices, public bodies or boards is prima facie evidence of such record.
“(b) . . . Where the copy is attested by an officer of the state, it shall be accompanied by a certificate signed by, or with a facsimile of the signature of, . . . the officer having legal custody of the original, or his deputy or clerk, with his official seal affixed; or signed by, or with a facsimile of the signature of, the presiding officer, secretary or clerk of the public body or board and . . . with the seal of the body or board affixed.”
The certificate provided by Ms. Limoges, the Supervisor of Forensic Services, Forensic Investigation Center of the New York State Police, verifying that she has legal custody of the documents in question, and that they are true and accurate copies, bearing the seal of the New York State Police and a facsimile signature of the custodian, satisfies these requirements. (See People v Baker, 183 Misc 2d 650 [Oneida County Ct 2000] [copy of properly authenticated DMV records admissible pursuant to CPLR 4540]; People v Brown, 128 Misc 2d 149 [Madison County Ct 1985] [documents otherwise admissible pursuant to CPLR 4540 held inadmissible due to the fact, not present in the matter before this court, that the certification was of a copy of a copy, not the original record].)
For these same reasons, the documents in question were also admissible pursuant to the common-law public documents rule which
“provides that when a public officer is required or authorized statutorily or by the nature of his or her *882 official duties to keep records of transactions occurring in the course of such duties, the records made by or under the supervision of the public officer are admissible (People v Minck, 21 NY 539; Prince, Richardson on Evidence § 8-1101 [Farrell 11th ed]).” (People v Baker at 653 [Oneida County Ct 2000].)
This common-law exception “is founded upon a public official’s lack of motive to distort the truth when recording a fact or event in discharge of public duty (Richardson, Evidence § 342 [Prince 10th ed]).” (People v Garneau, 120 AD2d 112, 116 [4th Dept 1986].)
Regarding the People’s preservation argument, as the defendant points out, CPL 470.05 codifies “the ‘functional’ concept of preservation.” (Lockwood reply affirmation, July 26, 2013, 1Í 9.) That section provides:
“a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same. Such protest need not be in the form of an ‘exception’ but is sufficient if the party made his position with respect to the ruling or instruction known to the court, or if in response to a protest by a party, the court expressly decided the question raised on appeal. In addition, a party who without success has either expressly or impliedly sought or requested a particular ruling or instruction, is deemed to have thereby protested the court’s ultimate disposition of the matter or failure to rule or instruct accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered.” (Penal Law § 470.05 [2].)
While defendant herein registered a timely, albeit erroneous, protest to the admission of the reference gas record, the breath test instrument maintenance record, the breath test instrument calibration record and the breath test instrument calibration/ maintenance record, preserving same, he did not register any objection to the admission of the breath alcohol analysis record containing the results of the defendant’s chemical breath test; nor did he seek a particular ruling in relation to same. Instead, the defendant deliberately and affirmatively stated “no objection” when the breath test results were offered into evidence by *883 the People. Without making an objection thereto the defendant “is assumed to have consented to its injection into the trial” (People v Harvey, 34 AD2d 857, 858 [1970]), and failed to preserve any objection to the admission of the breath test results. (See People v Nuesi, 84 AD3d 1272 [2d Dept 2011], lv denied 17 NY3d 954 [2011]; People v Bell, 286 AD2d 443 [2d Dept 2001].)
Defendant’s reliance on People v Johnson (144 AD2d 490 [2d Dept 1988]) and People v Ayala (142 AD2d 147 [2d Dept 1988]) is misplaced. In Johnson, unlike the matter sub judice, the defendant objected to the introduction of photographic evidence. The issue in that case was whether or not, by stating only one ground for his objection, the defendant waived all other grounds. In Ayala, the question was whether or not the defendant’s objection to the People reading to the jury from the transcript of a pretrial hearing had been preserved when, although he failed to raise the specific ground for the objection asserted on appeal, the trial court had considered and addressed that ground in its ruling. As previously indicated, in the case at bar the defendant affirmatively stated that he had “no objection” to the admission of the breath test results. As the defendant himself points out, by acquiescing in the admission of the breath test results the defendant has waived his right to complain that it was admitted. (People v Ford, 62 NY2d 275 [1984].)
While, as discussed at length hereinabove, there was no error in admitting the reference gas record, the breath test instrument maintenance record, the breath test instrument calibration record and the breath test instrument calibration/ maintenance record, even if there was, given the defendant’s assent to the admission of the breath test results, and “all the other evidence properly admitted at the trial, the admission of [these documents, if] improper, must be deemed harmless.” (People v Stevens, 76 NY2d 833, 836 [1990]; see also People v Johnson; People v Chambers, 18 AD3d 571 [2d Dept 2005].)
Finally, the defendant’s representation that the jury charge “made explicit reference to the evidence which was erroneously admitted” (Lockwood affirmation, June 26, 2013, 1i 33) is both factually and legally erroneous. The court’s charge to the jury made absolutely no reference to the reference gas record, breath test instrument maintenance record, or breath test instrument calibration/maintenance record. Moreover, the defendant failed to object to the court’s charge as given, or to suggest an alternative charge, waiving any such complaint. (See CPL 470.05 [2]; *884 People v Schwartzman, 24 NY2d 241 [1969], rearg denied 24 NY2d 916 [1969], cert denied 396 US 846 [1969]; People v Lipton, 54 NY2d 340 [1981].)
For all of the foregoing reasons, the defendant’s motion seeking an order vacating his convictions of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2) and (3), is denied in its entirety.