This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------

No. 157
The People &c.,
          Respondent,
        v.
Roy S. Kangas,
          Appellant.

          Mark C. Curley, for appellant.
          Steven G. Cox, for respondent.

MEMORANDUM:

          The order of County Court should be affirmed.

          During a jury trial on charges of driving while

intoxicated, defendant objected to the admission into evidence of

the People's exhibit containing a record of testing of the

simulator solution used during the breath test that the police

- 1 -

administered to defendant.  Defendant objected on the ground that the certifications contained within the exhibit did not include a verification to show that the record could not be tampered with pursuant to CPLR 4539 (b).  The trial court admitted the exhibit into evidence over defendant's objection.

On appeal, County Court correctly held that CPLR 4539 (b) does not apply to documents, such as the record of simulator solution testing, that were originally created in electronic form.  Subdivision (b), which was added to CPLR 4539 in 1996 (see L 1996, ch 27, § 1), requires an authentication "by competent testimony or affidavit" to include information about "the manner or method by which tampering or degradation of the reproduction is prevented" when "[a] reproduction [is] created by any process which *stores an image* of any writing, entry, print or representation" (CPLR 4539 [b] [emphasis added]).  CPLR 4539 (a), in turn, allows "reproduction[s]" made "in the regular course of business" to be admissible as the original.  Thus, CPLR 4539 (b) applies only when a document that originally existed in hard copy form is scanned to store a digital "image" of the hard copy document, and then a "reproduction" of the digital image is printed in the ordinary course of business (see CPLR 4539 (a), (b); see generally People v Rath, 41 Misc 3d 869, 872-880 [Nassau Dist Ct 2013]; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4539 at 752-754 [2007 ed]).  Inasmuch as the record of simulator solution testing was

created electronically in the first instance, and was not scanned to create an "image" of a hard copy document, County Court properly concluded that the certification need not comply with CPLR 4539 (b).

County Court correctly held that the applicable statute is CPLR 4518 (a), which was amended in 2002 (see L 2002, ch 136, § 1) to provide that an "electronic record . . . shall be admissible in a tangible exhibit that is a true and accurate representation of such electronic record" (CPLR 4518 [a]).  The statute further provides that the court "*may* consider the method or manner by which the electronic record was stored, maintained or retrieved in determining whether the exhibit is a true and accurate representation of such electronic record," but "[a]ll other circumstances of the making of the memorandum or record . . . may be proved to affect its weight," and "shall not affect its admissibility" (id. [emphasis added]).

The 2002 amendment to CPLR 4518 (a) was adopted by the legislature upon the recommendation of the Chief Administrative Judge's Advisory Committee on Civil Practice specifically because the Committee and the legislature concluded that CPLR 4539 (b) had no application to documents originally created in electronic form.

> "CPLR 4539, which deals with reproductions
> such as carbon copies of photocopies, is not
> an adequate vehicle for providing for the
> introduction of exhibits derived from
> electronic records.  This is because CPLR
> 4539 requires that the reproduction itself

have been created in the ordinary course of business.  It is anticipated that reliable recompilations of electronic records often would not have been created in the ordinary course of business. CPLR 4539(b), in dealing with reproductions through processes which store an image, and which processes do not permit alterations, deletions or changes without leaving a record of such additions, does not generally address database records and could impose technical impediments to admissibility based on difficulty and proof of the protections against undetectable alteration.  The 1996 legislation that added subdivision (b) ensures that an electronic image of a document may be introduced into evidence in the same manner as the original document and allows for paper intensive industries to safely dispose of hard copy and archive only optically-scanned images. However, the 1996 legislation does not deal with technologies that record information other than through an image, and also such legislation could have the unintended effect of restricting the admissibility of electronic records not stored with the technology described in the legislation" (Senate Mem in Support of L 2002, ch 136, 2002 McKinney's Session Laws of NY, at 1763; see also Rath, 41 Misc 3d at 876-880; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4518 at 454-455 [2007 ed]).

Contrary to defendant's further contention, County Court properly held that the record of simulator solution testing and the records pertaining to the maintenance and calibration of the breath test instrument were admissible based upon the attached state agency certifications, and County Court did not err in disregarding the inaccurate certifications submitted by the Oneida County Sheriff's Office with respect to those records. The trial court also relied upon the state agency certifications

when admitting the documents into evidence, and therefore County Court did not violate CPL 470.15 (1) in concluding that the records were admissible based on those certifications (see People v Nicholson, 26 NY3d 813, 825 [2016]).  Finally, we reject defendant's contention that the state agency certifications attached to the records of maintenance and calibration of the breath test instrument did not comply with CPLR 4518 (c).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided October 20, 2016