People v Gunther (2019 NY Slip Op 04197)





People v Gunther


2019 NY Slip Op 04197


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-02702
 (Ind. No. 15-01384)

[*1]The People of the State of New York, respondent,
v
Matthew Gunther, appellant.


John Brian Macreery, Katonah, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered January 31, 2017, convicting him of grand larceny in the second degree, criminal possession of a forged instrument in the second degree (3 counts), forgery in the second degree (15 counts), criminal tax fraud in the fourth degree, and offering a false instrument for filing in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant, who was employed as a bank teller, was charged with various crimes based on his alleged theft of money from a bank customer's account. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of grand larceny in the second degree, criminal possession of a forged instrument in the second degree (3 counts), forgery in the second degree (15 counts), criminal tax fraud in the fourth degree, and offering a false instrument for filing in the first degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the County Court's determination to admit bank statements into evidence through the testimony of the bank records custodian. That witness testified that he was familiar with the record-keeping practices of the bank, that the records were made in the regular course of the bank's business, that it was the regular course of the bank's business to make the records, and that the records were made contemporaneously with the transactions reflected in them (see CPLR 4518; People v Kennedy, 68 NY2d 569, 579-580; People v Bonhomme, 85 AD3d 939, 940).
Further, computer reproductions of bank withdrawal slips were properly admitted into evidence. The original withdrawal slips were "scanned to store a digital image' of the hard copy [*2]document" (People v Kangas, 28 NY3d 984, 985, quoting CPLR 4539[b]). A reproduction of such a digital image is "admissible in evidence as the original" where is it "authenticated by competent testimony or affidavit," which must include information about "the manner or method by which tampering or degradation of the reproduction is prevented" (CPLR 4539[b]; see People v Kangas, 28 NY3d at 985). Here, the reproductions of the withdrawal slips were properly authenticated by the testimony of a document review specialist, which included information about the prevention of tampering or degradation.
The defendant's remaining contentions are without merit.
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court