## Feliz v Manhattan Restorative Health Sciences, Inc.

2025 NY Slip Op 30599(U)

February 21, 2025

Supreme Court, New York County

Docket Number: Index No. 161563/2021

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. PAUL A. GOETZ** | **PART** | **47** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

JACDEL FELIZ,

                            Plaintiff,

                      - v -

MANHATTAN RESTORATIVE HEALTH SCIENCES, INC.,
TIM CANTY M.D. PLLC, TIMOTHY CANTY

                        Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161563/2021 |
| **MOTION DATE** | 07/03/2024, 07/03/2024 |
| **MOTION SEQ. NO.** | 001 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82

were read on this motion to/for                 JUDGMENT - SUMMARY         .

In this employment disability discrimination action, defendants move pursuant to CPLR § 3212 for summary judgment dismissing plaintiff's complaint in its entirety. Plaintiff cross-moves for sanctions against defendants and their counsel, including recovery of plaintiff's attorneys' fees expended in opposing defendants' motion.

## BACKGROUND

Plaintiff was employed by defendant Manhattan Restorative Health Sciences Inc. (MRHS)[1], a medical practice, for about six years as a surgical coordinator, an administrative role that included submitting surgical and medical notes, preparing booking sheets, and setting up appointments for patients (NYSCEF Doc No 1 ¶ 11; NYSCEF Doc No 27, p. 14). During the COVID-19 pandemic, plaintiff and other MRHS employees worked remotely (*id.* ¶ 13).

---

[1] Defendants MRHS and Tim Canty MD LLC are a single medical practice (NYSCEF Doc No 28, p. 15).

**161563/2021 FELIZ, JACDEL vs. MANHATTAN RESTORATIVE HEALTH SCIENCES, INC. ET AL**      **Page 1 of 9**
   **Motion No. 001 001**

[* 1]

In September 2021, plaintiff informed her supervisor, Tammy Garcia, that she planned to undergo bariatric surgery but was waiting for clearance from her doctor to do so (*id.* ¶ 14). On November 22, 2021, plaintiff's surgery was scheduled for December 2, 2021; the following day, plaintiff notified Garcia of same, and stated that she would require approximately one week off work to recuperate (*id.* ¶ 15). Plaintiff provided defendants with a letter from her surgeon advising that plaintiff required one week off work post-operation and a letter from her physician advising that plaintiff should thereafter work remotely until cleared by her surgeon (*id.* ¶ 16).

During a virtual meeting on November 29, 2021, MRHS human resources director Jasmine Puranda informed plaintiff and her coworkers that all employees would be required to work onsite three days per week, starting on December 6, 2021 (*id.* ¶ 18). Plaintiff raised that she would need to continue working remotely for medical reasons (*id.* ¶ 19). Plaintiff alleges that Puranda responded "with hostility" and "demanded that Plaintiff describe the details of her confidential medical issues during the group Zoom meeting, in the presence of other employees" (*id.* ¶¶ 19-20). "Only after Plaintiff objected to this invasion of her privacy, Puranda gave Plaintiff the opportunity to have a discussion with her separately from her co-workers, and never communicated to Plaintiff that her request had been approved" (*id.* ¶ 20).

Plaintiff returned to work on a remote basis on December 9, 2021 as planned (*id.* ¶ 21). The following day, however, plaintiff was blocked from accessing the computer system she used to work from home (*id.*). Plaintiff then received a letter from defendant Timothy Canty, the director of MRHS, which advised: "Through a corporate restructure we have reallocated your responsibilities and have eliminated your position" (*id.* ¶ 22).

Plaintiff alleges that defendants violated New York City Human Rights Law (NYCHRL) § 8-107(1) and New York State Human Rights Law (NYSHRL) § 296 by terminating plaintiff

161563/2021   FELIZ, JACDEL vs. MANHATTAN RESTORATIVE HEALTH SCIENCES, INC. ET AL          Page 2 of 9
Motion No.  001 001

2 of 9

based on her disabilities necessitating the surgery and by failing to provide a reasonable accommodation, i.e., permitting her to continue working remotely while she recovered.

## DISCUSSION

<u>Summary Judgment Standard</u>

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). Once a prima facie showing has been made, "the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Bazdaric v Almah Partners LLC*, 41 NY3d 310, 316 [2024], quoting *Alvarez*, 68 NY2d at 324).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

<u>NYSHRL and NYCHRL</u>

NYSHRL § 296 and NYCHRL § 8-107(1) prohibit employers from discriminating against an employee based on their disability. Both statutes require that their provisions be "construed liberally" to accomplish the remedial purposes of prohibiting discrimination (NYSHRL § 300; NYCHRL § 8-130; *Albunio v City of New York*, 16 NY3d 472, 477-478 [2011]; *Matter of Binghamton GHS Ernpls. Fed. Credit Union v State Div. of Human Rights*, 77 NY2d 12, 18 [1990]). The NYCHRL further "requires an independent liberal construction analysis" to fulfill its "'uniquely broad remedial' purposes, which go beyond those of counterpart state or federal civil rights laws" (*Williams v New York City Hous. Auth.*, 61 AD3d 62, 66 [1st Dept 2009]).

To support a discrimination claim under NYSHRL or NYCHRL, a plaintiff must allege that "(1) [she] is a member of a protected class, (2) [she] was qualified for the position, (3) [she] was subjected to an adverse employment action (under State HRL) or [] was treated differently or worse than other employees (under City HRL), and (4) [] the adverse or different treatment occurred under circumstances giving rise to an inference of discrimination" (*Harrington v City of New York*, 157 AD3d 582, 584 [1st Dept 2018]). "To establish entitlement to summary judgment in a case alleging discrimination, the defendants must demonstrate either the plaintiff's inability to establish every element of intentional discrimination, or, having offered a legitimate, nondiscriminatory reason for the challenged action, the absence of a material issue of fact as to whether that reason was pretextual" (*Reichman v City of New York*, 144 AD3d 781, 782 [2nd Dept 2016]).

Defendants argue that plaintiff failed to satisfy the prima facie elements for her claims. First, defendants assert that in the two years leading up to her termination and request to work

161563/2021   FELIZ, JACDEL vs. MANHATTAN RESTORATIVE HEALTH SCIENCES, INC. ET AL      Page 4 of 9
Motion No.  001 001

[* 4]                                           4 of 9

remotely, plaintiff had been struggling with her attendance and failing to "perform[] the core functions of [her] position at the time [defendants allegedly] refused to accommodate [her] disability" (*Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 843 [2014]). Second, defendants assert that plaintiff cannot establish that defendants were aware that she had a disability, or that she requested a reasonable accommodation for that disability. Defendants further argue that even if plaintiff did establish these prima facie elements, defendants had a legitimate, non-discriminatory reason for terminating her employment, i.e., plaintiff's "poor performance and attendance," which were an issue "long before she requested to work remotely" (NYSCEF Doc No 24).

In opposition, plaintiff asserts that defendants only provide an attorney affirmation, rather than "an affidavit by someone having personal knowledge of the facts," and "make no effort to lay any evidentiary foundation for their purported business records and alleged internal emails that their motion relies on" (NYSCEF Doc No 71). Plaintiff also argues that defendants did not establish the absence of any material issue of fact with respect to plaintiff's discrimination claims. Specifically, while defendants assert in their papers that plaintiff was terminated due to her performance and attendance, the termination letter states that plaintiff was terminated due to corporate restructuring and "the record completely lacks even the slightest hint that any restructuring plan existed" (NYSCEF Doc No 71). Additionally, plaintiff asserts that issues of fact remain regarding plaintiff's claim based on defendants' failure to accommodate, noting that the NYCHRL obligates employers to make reasonable accommodations for disabled employees where "the disability is known *or should have been known*" (NYCHRL § 8-107[15][a] [emphasis added]). Defendants' reply papers do not address plaintiff's opposing arguments, except to assert that their exhibits are admissible because they complied with CPLR § 4518 with respect to the

161563/2021   FELIZ, JACDEL vs. MANHATTAN RESTORATIVE HEALTH SCIENCES, INC. ET AL          Page 5 of 9
Motion No.  001 001

5 of 9

[* 5]

business records and submitted deposition testimony of witnesses subpoenaed by plaintiff's counsel (NYSCEF Doc No 82 [addressing admissibility argument as it relates to the cross-motion]).

As a preliminary matter, "where a moving party supports a summary judgment motion with an attorney's affirmation, deposition testimony, and other proof, the failure to submit an affidavit by a person with knowledge of the facts is not necessarily fatal to the motion" (*Maragos v Sakurai*, 92 AD3d 922, 923 [2nd Dept 2012]; *Gaeta v New York News*, 62 NY2d 340, 350 [1984]; *Ellman v Village of Rhinebeck*, 41 AD3d 635, 636 [2nd Dept 2007] ["the fact that supporting proof was placed before the court by way of an attorney's affidavit annexing deposition testimony and documentary evidence, rather than by affidavits of fact on personal knowledge, [does] not defeat [defendants'] entitlement to summary judgment"]). However, "[t]o have a document admitted as a business record, the party offering the record must show (1) it was produced in the ordinary course of business; (2) it was the regular course of business to make such record; and (3) it was made at the time of the act, transaction, occurrence or event or within a reasonable time thereafter" (*Knight v New York & Presbyt. Hosp.*, 219 AD3d 75, 79 [1st Dept 2023]). Additionally, "[a]n electronic record . . . shall be admissible in a tangible exhibit that is a true and accurate representation of such electronic record" (CPLR § 4518[a]). In determining whether the exhibit is true and accurate, "[t]he court may consider the method or manner by which the electronic record was stored, maintained or retrieved" (CPLR § 4518[a]).

"A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (*West Val. Fire Dist. No. 1 v Village of Springville*, 294 AD2d 949, 950 [4th Dept 2002]).[2] Here, defendants

_____

[2] Defendants cite *People v Kangas*, 28 NY3d 984 [2016], for the proposition that "[t]he requirement that reproductions of an original record must be authenticated by testimony, or an affidavit does not apply when the

**161563/2021   FELIZ, JACDEL vs. MANHATTAN RESTORATIVE HEALTH SCIENCES, INC. ET AL          Page 6 of 9**
  **Motion No.  001 001**

produced copies of records from its business email server but admit that "the testimony clearly established that Dr. Canty does not have personal knowledge of the administrative or operation facts" (NYSCEF Doc No 87). Nevertheless, they assert without support that "the records themselves are admissible and may be relied upon" (*id.*). Although defendants' attorney avers that the exhibits are "true and correct" copies of the business records (NYSCEF Doc No 23), neither he nor Dr. Canty is "familiar with [MRHS's] business practices or procedures" such that they can authenticate the records provided (*Palisades Collection, LLC v Kedik*, 67 AD3d 1329, 1331 [4th Dept 2009]). Therefore, the exhibits defendants seek to offer under the business records exception to the rule against hearsay are inadmissible.

Defendants assert that they "were never informed that Plaintiff suffered from a disability" (NYSCEF Doc Nos 26 ¶ 44 [answer stating "Defendant did not have actual or constructive notice of any alleged disabilities of Plaintiff"], 28 p. 92 [Dr. Canty testifying "we had no awareness that she had any disabilities"]). However, plaintiff alleges that she "had long kept Ms. Garcia informed about her medical impairments, including, inter alia, her pre-diabetes and thyroid issues and severe sleep apnea, [which] necessitated the [bariatric] surgery" (NYSCEF Doc No 1 ¶ 14 ["All of the foregoing impairments, individually and collectively, are [plaintiff's] disabilities"]), and plaintiff's coworker Nicole Catania testified that "it was known" that plaintiff had medical issues (NYSCEF Doc No 55, p. 49). This creates an issue of fact as to whether defendants were aware of plaintiff's disabilities, or whether they should have known of them (*Lowman v Consolidated Edison Co. of N.Y., Inc.*, 220 AD3d 510, 511 [1st Dept 2023] [summary judgment "properly denied" where contradictory testimony was submitted]). Additionally, as

---

record was created electronically in the first instance" (NYSCEF Doc No 82). However, the *Kangas* court did not hold that a party is relieved of its authentication obligations whenever the exhibit is originally created in electronic form; rather, it determined whether the electronic exhibits at issue "were admissible based upon the attached state agency certifications" (*Kangas*, 28 NY3d at 987).

**161563/2021  FELIZ, JACDEL vs. MANHATTAN RESTORATIVE HEALTH SCIENCES, INC. ET AL**     **Page 7 of 9**
**Motion No.  001 001**

plaintiff notes, employers are bound to provide reasonable accommodations, even in the absence of a specific request (*Benitez v City of New York*, 193 AD3d 42, 48 [1st Dept 2021]; *Phillips v City of New York*, 66 AD3d 170, 188-89 n.24 [1st Dept 2009] ["a request for accommodation need not take a specific form, . . . mention the statute[] or the term 'reasonable accommodation,' [or] be in writing"]). Plaintiff has thus adequately satisfied the prima facie elements of her claim.

Defendants, however, failed to eliminate all issues of fact as to whether the reason defendants proffered for plaintiff's termination was pretextual. Besides the business records (which, as discussed *supra*, are inadmissible), defendants offer the testimony of Dr. Canty, who testified that plaintiff "had job performance issues, but [] she was terminated" because Puranda decided to "consolidate the staff members who were making phone calls and booking patients into a [single] role of patient care coordinator" (NYSCEF Doc No 28, pp. 18-19, 22). This testimony supports defendants' position that "Plaintiff was terminated as part of a restructure" of MRHS and that "Defendants had, regardless, been looking to terminate Plaintiff for her poor performance and attendance" (NYSCEF Doc No 24). Nevertheless, this evidence does not demonstrate defendants' entitlement to judgment *as a matter of law* as to this issue.

Accordingly, defendants' motion for summary judgment dismissing the complaint will be denied.

Sanctions

Plaintiff's cross-motion seeking sanctions against defendants is without merit, as plaintiff failed to demonstrate that defendants' motion was frivolous. Accordingly, plaintiff's cross-motion will be denied.

**CONCLUSION**

Based on the foregoing, it is

161563/2021   FELIZ, JACDEL vs. MANHATTAN RESTORATIVE HEALTH SCIENCES, INC. ET AL        Page 8 of 9
Motion No.  001 001

8 of 9

ORDERED that defendants' motion for summary judgment dismissing plaintiff's complaint is denied; and it is further

ORDERD that plaintiff's cross-motion for sanctions is denied.

20250221113855PGOETZ7E23F039FA546BFB65C6972B3C12A76

| 2/21/2025 | | | |
|---|---|---|---|
| **DATE** | | **PAUL A. GOETZ, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**161563/2021   FELIZ, JACDEL vs. MANHATTAN RESTORATIVE HEALTH SCIENCES, INC. ET AL**
**Motion No.  001 001**                                                                        Page 9 of 9

9 of 9

[* 9]