**Funders App, LLC v Autoworkz LLC**

2025 NY Slip Op 32499(U)

July 14, 2025

Supreme Court, Kings County

Docket Number: Index No. 505663/2024

Judge: Carolyn E. Wade

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: HON. CAROLYN E. WADE, JSC
-----------------------------------------------------------------------X
FUNDERS APP, LLC D/B/A SYMPLIFI CAPITAL,

                            Plaintiff,

    -against-

AUTOWORKZ LLC D/B/A AUTOWORKZ and
PRINTERSON LEVORN STEWARD,

                            Defendants.
-----------------------------------------------------------------------X

Index No.: 505663/2024

**DECISION AND ORDER**

**MS#2**

The following papers were read on Defendants AUTOWORKZ LLC D/B/A AUTOWORKZ and PRINTERSON LEVORN STTEWARD's ("Defendants") Order to Show Cause to Reargue and Renew: NYSCEF Doc. Nos. 31-39, 40-42, and 44.

Upon the foregoing cited papers, and after oral argument, Defendants' Order to Show Cause to Reargue and Renew this Court's February 19, 2025, Order, which granted Plaintiff FUNDERS APP, LLC D/B/A SYMPLIFI CAPITAL's ("Plaintiff") Motion for Summary Judgment ("Prior Motion"), is decided as follows.

Plaintiff commenced this action to recover debt owed to Plaintiff by Defendants under a Purchase Agreement of Future Receivables ("Purchase Agreement") and a Personal Guaranty ("Guaranty") (NYSCEF Doc. No. 11).

Defendants argue that the Court overlooked or misapprehended material matters in determining the Prior Motion. Specifically, Defendants argue: (i) that the Court did not consider that there was no mutual assent in entering the Purchase Agreement as Defendants did not sign the Agreement with Plaintiff, (ii) that the Agreement was obtained by Fraud, and (iii) that the Purchase Agreement is Usurious and Unconscionable.

1

[* 1]

In opposition, Plaintiff argues that Defendants have not provided any new evidence or information to require the Court to overturn its judgment. Plaintiff further argues that Defendants are simply reiterating their arguments from their failed opposition to the Prior Motion.

CPLR 2221(d)(2) provides that a motion to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion."

Here, the Court finds that Defendants met their burden under CPLR § 2221 in showing that the Court misapprehended or overlooked material issues of fact pertaining to mutual assent and fraud.

### A. Authenticity of Signature Mutual Assent

To create a binding contract, there must be a meeting of the minds, such that there is a manifestation of mutual assent sufficiently definite to assure the parties are truly in agreement with respect to all material terms. (*Utica Bldrs., LLC v Collins*, 176 AD3d 897, 897 [2d Dept 2019]).

In the instant action, Defendant Steward affirmed that he did not sign the Purchase Agreement at issue (NYSCEF Doc. No. 21). In addition, Defendant Steward's signed affirmation contains a different signature than that on the Purchase Agreement. Thus, the Court finds that the Defendants raised material issues of fact regarding the Purchase Agreement's formation and validity, particularly whether mutual assent had been established.

### B. Admissibility

"Any writing or record, [...], made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event,

2

[* 2]

or within a reasonable time thereafter." (CPLR § 4518[a]). The supporting affidavit "shall include the manner or method by which tampering or degradation of the reproduction is prevented." (CPLR § 4539[b]).

Contrary to Defendants' contention, the Court finds that the Plaintiff's affidavit satisfies CPLR §4518[a], as the Plaintiff established that the affidavit was made in the regular course of business. Furthermore, "CPLR 4539(b) applies only when a document that originally existed in hard copy form is scanned to store a digital 'image' of the hard copy document, and then a 'reproduction' of the digital image is printed in the ordinary course of business." (*People v. Kangas*, 28 NY3d 984, 985 [2016]). As such, Defendants failed to raise material issues of fact regarding proper authentication of Plaintiff's affidavit.

### C. Fraud

In the case of fraud in the factum, the maker is induced to sign something entirely different than what he thought he was signing. (*See First Natl. Bank of Odessa v Fazzari*, 10 NY2d 394, 397 [1961]). The instrument is "void ab initio" (*Dalessio v Kressler*, 6 AD3d 57, 61 [2d Dept 2004]).

As noted above, Defendant Steward's affirmation, and annexed exhibits, including his genuine signature, coupled with his sworn statement that he did not sign the Purchase Agreement, raises material issues of fact that he did not sign the Purchase Agreement. Thus, the Court finds that Defendants raised material issues of fact as to whether Defendant Steward's signature was forged.

### D. Usury and Unconscionability

"To determine whether a transaction constitutes a usurious loan: 'The court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances. Unless a principal sum advanced is repayable absolutely, the transaction is not a loan.'" (*Principis*

3

[* 3]

*Capital, LLC v. I Do, Inc.*, 201 AD3d 752, 754 [2d Dept 2022]). "Courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is recourse if the merchant declares bankruptcy." (*Id.*). "[T]he rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be." (*True Bus. Funding, LLC v. Guerrero A Constr. Corp.*

Here, Plaintiff established, through documentary evidence, that the Purchase Agreement contains a clause outlining Defendants' right to reconciliation. Additionally, Plaintiff established that the Purchase Agreement does not have a fixed duration. Lastly, the Purchase Agreement contains a bankruptcy clause that excuses Defendants' performance under the Agreement. Taken together, the Plaintiff's entitlement to the repayment is not absolute. As such, Defendants failed to present material issues of fact as to the Defendants' usurious loan and unconscionability claims.

Accordingly, it is

**ORDERED** that Defendants' Order to Show Cause to Reargue and Renew is **GRANTED,** and upon reargument, Plaintiff's underlying Motion for Summary Judgment is **DENIED**; and it is further

**ORDERED** that Plaintiff is directed to return any and all funds collected by way of restraint and/or execution, pursuant to the judgment, including poundage.

This constitutes the Decision and Order of the Court.

DATE: July 14, 2025

ENTER:

_____
HON. CAROLYN E. WADE, J.S.C.

HON. CAROLYN E. WADE
JUSTICE OF THE SUPREME COURT