■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK MAY, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction for multiple counts of criminal possession of stolen property, insurance fraud, grand larceny, and illegal possession of a vehicle identification number, defendant's primary contention is that the court erred in admitting into evidence two photocopies and one "fax" copy of certain documents offered by the People to establish the vehicle identification number of a car stolen by defendant. Defendant contends that admission of those documents violated the best evidence rule and its statutory excep-

tion, CPLR 4539, because no adequate foundation was laid to establish that the exhibits were accurate copies of the originals.

CPLR 4539 carves out an exception to the best evidence rule for business records that are copied or reproduced, on the rationale that, in today's commercial world, the accuracy of such copies is relied on without question. In pertinent part, the statute provides that "[i]f any business * * * has made, kept or recorded any writing, entry, print or representation and in the regular course of business has recorded, copied, or reproduced it by any process which accurately reproduces or forms a durable medium for reproducing the original, such reproduction, when satisfactorily identified, is as admissible in evidence as the original, whether the original is in existence or not". "This rule recognizes the fact that the modern business practice is to make photographic reproductions in the regular course of business and * * * that photographic reproductions so made are sufficiently trustworthy to be treated as originals for the purpose of the best evidence rule" *(People v Flores,* 138 AD2d 512, 513, *lv denied* 72 NY2d 859, citing Richardson, Evidence § 577, at 585 [Prince 10th ed]).

In our view, the statute makes it unnecessary to establish that the exhibit was compared to the original and found to be an accurate copy. It is enough that the document is identified as a photocopy of the original or the product of some similarly accurate copying process, for example, a fax transmission. That was done here.

Addressing defendant's second contention, we conclude that there was no error in admitting testimony about a transaction wherein defendant leased a certain van. That testimony was not elicited to prove an uncharged crime. Even if the evidence technically came within the ambit of the *Molineux* rule *(People v Molineux,* 168 NY 264), its potential for prejudice was far outweighed by its probative value to prove theft of an identical van and transposition of its vehicle identification number with that of the leased van. The People were attempting to establish that defendant was engaged in a common scheme or plan to obtain two vehicles for the price of one; thus the evidence was within a well-recognized exception to the *Molineux* rule. Additionally, the evidence that defendant returned the leased van in a damaged condition after repainting it was probative of his guilty mind and admissible to show intent.

Finally, defendant's sentence of 2 to 6 years' imprisonment

is not excessive. (Appeal from judgment of Erie County Court, Rogowski, J.—criminal possession of stolen property, first degree.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.