■ GRAND MANOR HEALTH RELATED FACILITY, INC., Respondent, v HAMILTON EQUITIES, INC., et al., Appellants. GRAND MANOR HEALTH RELATED FACILITY, INC., Respondent, v HAMILTON EQUITIES, INC., et al., Appellants. HAMILTON EQUITIES, INC., Appellant, v GRAND MANOR HEALTH RELATED FACILITY, INC., Respondent. [997 NYS2d 37]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about August 21, 2013, which, insofar as appealed

from as limited by the briefs, after a nonjury trial, found that the subject lease was effectively assigned to plaintiff Grand Manor Health Related Facility, Inc. and that plaintiff effectively renewed the lease for the two contractual renewal terms, unanimously affirmed, with costs.

The trial court properly admitted into evidence an assignment document with a notarized signature dated January 3, 1989, over defendant Hamilton Equities, Inc.'s objection based on the best evidence rule. The testimony of a witness for plaintiff that he retrieved the document from the company's files, where it was plaintiff's practice to keep photocopies of outgoing correspondence, satisfies CPLR 4539 (a) (*People v May*, 162 AD2d 977, 978 [4th Dept 1990], *lv denied* 76 NY2d 861 [1990]).

The trial court properly rejected defendants Hamilton Equities, Inc., Hamilton Equities Co., Robert Nova, and Susan Chait-Grandt's argument that the January 1989 assignment was ineffective because the named assignee did not exist until its certificate of incorporation was filed in March 1990. The assignment provisions of the lease recognized that regulatory approvals would be required to effect any assignment, and expressly acknowledged that there might be a gap between the date on which the assignment was executed and the date on which it became effective.

The trial court properly found that plaintiff substantially complied with the notice and consent procedures set forth in the assignment provisions of the lease. Moreover, given their failure to object contemporaneously and their acceptance of rent from the assignee for years afterwards, defendants waived any objection to a lack of strict compliance with those provisions (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006]).

The trial court properly rejected defendants' contentions as to the ineffectiveness of the June and July 2000 renewals of the lease. Concur—Tom, J.P., Renwick, Andrias, DeGrasse and Kapnick, JJ.