■ CIT Technology Financing Services, Inc., as Servicer for CIT Funding Company I LLC as Assignee of Citicorp Vendor Finance, Inc., Respondent, v Franklin First Financial, Ltd., Appellant. [18 NYS3d 112]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Emerson, J.), entered October 4, 2013, which, upon a decision dated June 12, 2013, made after a nonjury trial, is in favor of the plaintiff and against it in the total sum of $105,029.26.

Ordered that the judgment is affirmed, with costs.

The defendant, Franklin First Financial, Ltd. (hereinafter FFF), is in the business of providing residential mortgages. On December 8, 2005, FFF executed a written branch manager agreement with Jay Cassuto and his brother, David Cassuto, permitting them to open a branch office in Syosset. On February 24, 2006, Jay Cassuto executed, on behalf of FFF, a copier finance lease with Citicapital Technology Finance, Inc., for the rental of three copy machines to be used at the Syosset office. FFF thereafter directly paid the monthly invoices through May 2008, at which time the Cassutos' employment was terminated and the Syosset branch was closed. FFF thereafter ceased making payments under the lease. The plaintiff, which had been assigned the lease in 2007, commenced this action to recover damages for breach of the lease. After a nonjury trial, the Supreme Court determined that FFF had given Jay Cassuto apparent authority to enter into the lease on its behalf and that, in any event, it had ratified the lease by making payments thereon for more than two years. Judgment was entered in favor of the plaintiff and against FFF in the total sum of $105,029.26. FFF appeals.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, allowing this Court to render the judgment it finds warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Stevens v State of New York, 47 AD3d 624 [2008]). Here, the determination of the Supreme Court was warranted by the facts.

The evidence at trial supported the Supreme Court's conclusion that FFF, by its business model, had given its branch manager, Jay Cassuto, apparent authority to execute the copier finance lease on its behalf (see Hallock v State of New York, 64 NY2d 224, 231 [1984]; Fragin v Fleet Bank, 14 AD3d 312, 315

[2005]). In any event, FFF ratified the lease by making monthly payments thereon for over two years with knowledge of the material facts (*see IRB-Brasil Resseguros, S.A. v Inepar Invs., S.A.*, 83 AD3d 573, 575 [2011]; *Matter of Cologne Life Reins. Co. v Zurich Reins. [N. Am.]*, 286 AD2d 118, 127 [2001]; *National City Commercial Capital Co., LLC v Becker Real Estate Servs., Inc.*, 24 Misc 3d 912, 917 [Sup Ct, Suffolk County 2009]; *cf. Standard Funding Corp. v Lewitt*, 89 NY2d 546, 552 [1997]). The invoices approved and paid by FFF clearly indicated that they were pursuant to a contract in FFF's name, and contained the model types of the copiers and the monthly payment amounts. FFF's branch accountant testified that he was aware that the invoices were addressed to FFF when he authorized payment. To the extent FFF was unaware of the terms of the lease, a principal "cannot be willfully ignorant [and] avoid liability for the acts of an agent by failing to make a thorough inquiry that would reveal the pertinent facts" (2A NY Jur 2d, Agency and Independent Contractors, § 202; *see Matter of Cologne Life Reins. Co. v Zurich Reins. [N. Am.]*, 286 AD2d at 128; *Glor v Kelly*, 49 App Div 617, 620 [1900]).

FFF's remaining contention is without merit (*see* CPLR 4539 [a]; *Grand Manor Health Related Facility, Inc. v Hamilton Equities, Inc.*, 122 AD3d 481 [2014]; *Kaliontzakis v Papadakos*, 69 AD3d 803, 805 [2010]; *cf. Stathis v Estate of Karas*, 130 AD3d 1008 [2015]). Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.