■ NEW YORK COMMUNITY BANK, Appellant, v WOODHAVEN ASSOCIATES, LLC, Respondent, et al., Defendants. [29 NYS3d 377]—

In an action to foreclose a mortgage, the plaintiff appeals

from so much of an order of the Supreme Court, Queens County (Agate, J.), dated May 27, 2014, as denied those branches of its motion which were for summary judgment dismissing the first, second, and third affirmative defenses interposed by the defendant Woodhaven Associates, LLC, for leave to enter a default judgment against the defendants New York City Environmental Control Board and Ari Chitrik, and for the appointment of a referee to compute the amount due on the mortgage.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, those branches of the plaintiff's motion which were for summary judgment dismissing the first, second, and third affirmative defenses interposed by the defendant Woodhaven Associates, LLC, for leave to enter a default judgment against the defendants New York City Environmental Control Board and Ari Chitrik, and for the appointment of a referee to compute the amount due on the mortgage are granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings including the appointment of a referee to compute the amount due on the mortgage.

In 2003, the defendant Woodhaven Associates, LLC (hereinafter Woodhaven), borrowed $1,800,000 from the plaintiff and placed a mortgage on its sole asset, certain real property located in Woodhaven (hereinafter Woodhaven's property). Thereafter, in 2005, Woodhaven's managing member, the defendant Ari Chitrik, borrowed $8,000,000 from the plaintiff to purchase land on Crescent Street in Long Island City on behalf of another limited liability company. In 2006, Chitrik, purportedly acting on behalf of Woodhaven, sought additional financing for the Crescent Street property. Based upon documentation that included a resolution of the members of Woodhaven consenting to the transaction, and an opinion letter from Woodhaven's counsel stating that the loan was legal, the plaintiff gave Chitrik a loan in the form of a revolving line of credit up to the sum of $6,500,000. Chitrik executed a promissory note in that amount to the benefit of the plaintiff, and a mortgage agreement placing a lien in the principal sum of $2,000,000 against Woodhaven's property.

Chitrik defaulted in repaying the loan, and the plaintiff commenced this action against the defendants to foreclose the mortgage, and to adjudicate Woodhaven liable under the guarantee in the event a deficiency remained after a foreclosure sale. The plaintiff moved, inter alia, for summary judgment dismissing the first, second, and third affirmative defenses

interposed by Woodhaven in its verified answer, for leave to enter a default judgment against the defendants New York City Environmental Control Board (hereinafter ECB) and Chitrik, and for the appointment of a referee to compute the amount due under the mortgage. Woodhaven opposed the motion on the grounds, inter alia, that Chitrik lacked actual or apparent authority to execute and deliver the mortgage and guarantee on its behalf, and that the plaintiff had knowledge that Chitrik lacked actual authority or knowledge of certain facts which obligated it to investigate the matter, which it had failed to do. Those branches of the plaintiff's motion were denied.

"Actual authority granted to an agent to bind his principal is created by direct manifestations from the principal to the agent, and the extent of the agent's actual authority is interpreted in the light of all the circumstances attending these manifestations, including the customs of business, the subject matter, any formal agreement between the parties, and the facts of which both parties are aware" (*Demarco v Edens*, 390 F2d 836, 844 [2d Cir 1968]; *see Wen Kroy Realty Co. v Public Natl. Bank & Trust Co.*, 260 NY 84, 89 [1932]). In the absence of actual authority, words or conduct by the principal that are communicated to a third party may create the apparent authority of the agent to act on behalf of the principal (*see King v Mitchell*, 31 AD3d 958, 959 [2006]).

Contrary to the conclusion of the Supreme Court, the plaintiff established its prima facie entitlement to judgment as a matter of law on the question of actual or apparent authority by submitting the parties' original operating agreement, the resolution of the members of Woodhaven consenting to the transactions and certifying that Chitrik, as Woodhaven's manager, had the authority to bind Woodhaven, and the opinion letter of Woodhaven's attorney (*see Bank of Am., N.A. v Keso Sagg, LLC*, 103 AD3d 604 [2013]; *Decana Inc. v Contogouris*, 55 AD3d 325 [2008]). In opposition, Woodhaven failed to raise a triable issue of fact (*see Steckel v Tom-Art Assoc.*, 228 AD2d 429, 430 [1996]). Accordingly, those branches of the plaintiff's motion which were for summary judgment dismissing the first, second, and third affirmative defenses interposed by Woodhaven, and for the appointment of a referee to compute the amount due under the mortgage, should have been granted.

Further, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to enter a default judgment against Chitrik and the ECB upon their failure to answer the complaint. "On a motion for leave to enter a default

judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing" (*BAC Home Loans Servicing, LP v Reardon*, 132 AD3d 790, 790 [2015] [internal quotation marks omitted]; *see* CPLR 3215 [f]; *Dupps v Betancourt*, 99 AD3d 855 [2012]; *Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651 [2011]). The plaintiff satisfied these requirements.

Woodhaven's remaining contentions are without merit. Rivera, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.