■ Mad Den, Inc., Doing Business as Strega, et al., Plaintiffs, v John A. Vaccarino et al., Respondents, and Charles A. D'Agostino, Appellant, et al., Defendants. [56 NYS3d 522]—

In an action, inter alia, to set aside a mortgage, the defendant Charles A. D'Agostino appeals (1) from a decision of the Supreme Court, Putnam County (Rosa, J.), dated August 11, 2015, made after an inquest on the issue of damages on his cross claim against the defendants John A. Vaccarino and Gina M. Vaccarino, and (2), on the ground of inadequacy, from a judgment of the same court entered October 27, 2015, which, upon the decision, is in favor of him and against the defendants John A. Vaccarino and Gina M. Vaccarino in the principal sum of only $30,000.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The defendants John A. Vaccarino and Gina M. Vaccarino (hereinafter together the Vaccarinos) defaulted in answering the defendant Charles A. D'Agostino's cross claim asserted against them to recover damages for unpaid legal fees. The Supreme Court conducted an inquest on the issue of damages on the cross claim, at which D'Agostino offered proof of $108,016.12 in unpaid legal fees. John A. Vaccarino appeared at the inquest and offered evidence in mitigation of damages, testifying that he had made cash payments to D'Agostino that reduced the balance owed, and performed home improvement services for D'Agostino as part of an agreement between the parties. D'Agostino acknowledged that the parties had an agreement allowing the Vaccarinos to reduce the amount of legal fees owed in exchange for home improvement services. At the conclusion of the inquest, the Supreme Court found that D'Agostino was entitled to a damages award of only $30,000 and entered a judgment accordingly. D'Agostino appeals.

D'Agostino's contention that the Vaccarinos' evidence offered in mitigation of damages was legally insufficient is unpreserved for appellate review (*see DSM, Inc. v Paul Reiser Excavating, Inc.*, 112 AD3d 576, 576 [2013]; *Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc.*, 102 AD3d 770, 772 [2013]; *Bulvas v Dubrowsky*, 277 AD2d 338 [2000]).

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (*Marini v Lombardo*, 79

AD3d 932, 933 [2010]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, the Supreme Court's determination regarding D'Agostino's damages was supported by the record, warranted by the facts, and should not be disturbed (*see Iordanou v AJK Indus., Inc.*, 129 AD3d 1028 [2015]; *Frankel v Hirsch*, 38 AD3d 712 [2007]).

D'Agostino's remaining contentions are unpreserved for appellate review. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.