■ HEIGHTS PROPERTIES 1388, LLC, Appellant, v MAKE REALTY CORP., Respondent, et al., Defendant. [58 NYS3d 78]—

Appeal from stated portions of an order of the Supreme Court, Kings County (Carolyn E. Demarest, J.), dated December 15, 2014. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the first, fifth, and sixth causes of action in the amended complaint insofar as asserted against the defendant Make Realty Corp., searched the record and awarded summary judgment to the defendant Make Realty Corp. dismissing the first, second, fifth, and sixth causes of action in the amended complaint insofar as asserted against it, and canceled the notice of pendency.

Ordered that the order is modified, on the law, by deleting the provisions thereof which searched the record and awarded summary judgment to the defendant Make Realty Corp. dismissing the first, second, fifth, and sixth causes of action in the amended complaint insofar as asserted against it, and canceled the notice of pendency; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Make Realty Corp. (hereinafter Make Realty) was incorporated in New York in 1981. Its certificate of incorporation states that it was formed for the purpose of, inter alia, buying, selling, leasing, mortgaging, exchanging, managing, operating, and dealing in lands or interest in lands, houses, buildings, or other works. Make Realty was subsequently dissolved by proclamation/annulment of authority on September 28, 1994.

The plaintiff alleges that on September 24, 2013, it entered into a contract to purchase from Make Realty a property located on St. Johns Place in Brooklyn (hereinafter the subject property), and that pursuant to a rider to the contract of sale, the parties also agreed to execute a right of first refusal agreement pertaining to two adjacent properties, also owned by Make Realty. The contract of sale and right of first refusal agreement were both executed by the defendant Irvine J. Thomas, the corporate secretary of Make Realty.

After Make Realty refused to close, the plaintiff commenced this action against Make Realty and Thomas. In its amended complaint, the plaintiff alleged that Make Realty breached the contract of sale by refusing to convey the subject property. The plaintiff also filed a notice of pendency against the subject property, as well as the two adjacent properties that are the subject of the right of first refusal.

Prior to discovery, the plaintiff moved for summary judgment on the first, fifth, and sixth causes of action in the amended complaint insofar as asserted against Make Realty. In opposing the motion, Make Realty asked the court to search the record and award summary judgment in its favor, arguing that the contract of sale and right of first refusal agreement were unenforceable because Thomas lacked the authority to represent Make Realty.

The Supreme Court, inter alia, denied the plaintiff's motion, searched the record, awarded summary judgment to Make Realty dismissing the first, second, fifth, and sixth causes of action in the amended complaint insofar as asserted against it, and cancelled the plaintiff's notice of pendency. We modify.

At the outset, the Supreme Court erred in concluding that the contract of sale and right of first refusal were unenforceable by reason of Make Realty's failure to comply with the shareholder voting requirements set forth in Business Corporation Law § 909 (a). Business Corporation Law § 1005—not § 909—governs corporate procedure where, as here, the company has been dissolved by proclamation (*see Helfand v Cohen*, 110 AD2d 751, 753 [1985]). Moreover, a dissolved

corporation, in winding up its affairs, has the power, inter alia, to "sell its assets for cash at public or private sale" (Business Corporation Law § 1005 [a] [2]). This can be done by the corporation's board of directors, without seeking the authorization of the shareholders (see 3-10 White, New York Business Entities ¶ B1005.05). As it is undisputed that the subject transaction was entirely for cash, it follows that no shareholder authorization was required.

Thus, the central question, in relation to the allegations contained in the amended complaint, hinges on the apparent or actual authority of Thomas, who was Make Realty's corporate secretary, to represent the corporation in connection with the execution of the contract of sale and right of first refusal.

"[A]pparent authority is dependent on verbal or other acts by a principal which reasonably give an appearance of authority to conduct the transaction" (Greene v Hellman, 51 NY2d 197, 204 [1980]; see Federal Ins. Co. v Diamond Kamvakis & Co., 144 AD2d 42, 45 [1989]). "While in the normal course the implied authority vested in an actively functioning president will not devolve upon a secretary or treasurer, such officer will be deemed to have authority to act and speak on behalf of the corporation where he has been the one actually managing its business" (Rothman & Schneider v Beckerman, 2 NY2d 493, 498 [1957]).

There is insufficient evidence, on this pre-discovery record, to determine, as a matter of law, whether Thomas had actual or apparent authority to represent Make Realty. While the Supreme Court properly denied the plaintiff's motion for summary judgment on the first, fifth, and sixth causes of action, it erred in searching the record and awarding summary judgment to Make Realty dismissing the first, second, fifth, and sixth causes of action insofar as asserted against it, and canceling the notice of pendency. Rivera, J.P., Chambers, Duffy and Barros, JJ., concur.