Mears v Long (2019 NY Slip Op 04376)





Mears v Long


2019 NY Slip Op 04376


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-07698
 (Index No. 16118/13)

[*1]Robert Mears, et al., respondents,
v
Christopher Long, etc., et al., appellants.


Rabinowitz, Galina & Rosen, Mineola, NY (Gayle A. Rosen of counsel), for appellants.
Anthony E. Core, P.C., Westbury, NY (Bradley T. Slover of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and conversion, the defendants appeal from a judgment of the Supreme Court, Suffolk County (James C. Hudson, J.), entered April 19, 2017. The judgment, upon an order of the same court dated May 14, 2015, granting the plaintiffs' motion pursuant to CPLR 3126 to strike the defendants' answer and for leave to enter a default judgment against them based on their failure to comply with court-ordered discovery, and upon an inquest, is in favor of the plaintiffs and against the defendant Christopher Long in the principal sum of $79,114.26, and is in favor of the plaintiffs and against the defendants Steven Long, Christopher Isaza, and 950 South 2nd Realty Corp. in the principal sum of $40,291.99.
ORDERED that the judgment is affirmed, with costs.
In June 2013, the plaintiffs commenced this action, inter alia, to recover damages for breach of fiduciary duty and conversion. In an order dated May 14, 2015, the Supreme Court granted the plaintiffs' motion pursuant to CPLR 3126 to strike the defendants' answer and for leave to enter a default judgment against them based on their failure to comply with court-ordered discovery. On a prior appeal, this Court affirmed the order dated May 14, 2015 (see Mears v Long, 149 AD3d 823).
After an inquest, at which the plaintiff Robert Mears and the defendants Christopher Long, Steven Long, and Christopher Isaza testified, the Supreme Court awarded the plaintiffs the principal sum of $29,638.57 against Christopher Long on the first cause of action, the principal sum of $35,851.99 against all defendants on the second and third causes of action, the principal sum of $4,440 against all defendants on the fourth and fifth causes of action, the principal sum of $438.94 against Christopher Long on the seventh cause of action, the principal sum of $550 against Christopher Long on the eighth cause of action, and the principal sum of $8,194.76 against Christopher Long on the ninth cause of action. The defendants appeal from a judgment in favor of the plaintiffs and against the defendants in those principal sums. We affirm.
The defendants' contention that the plaintiffs' claims should have been addressed in a prior related action is without merit. Upon the striking of their answer for failure to comply with court-ordered discovery, the defendants admitted all traversable allegations in the complaint, including the basic allegation of liability (see Rokina Opt. Co. v Camera King, 63 NY2d 728, 730; [*2]Shah v Oral Cancer Prevention Intl., Inc., 138 AD3d 722, 724; Jihun Kim v S & M Caterers, Inc., 136 AD3d 755, 756).
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and a judgment may be rendered if warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Jeffers v Stein, 152 AD3d 754, 754). Here, the Supreme Court's determination regarding the plaintiffs' damages, which is based, in part, upon credibility determinations, is supported by the record and warranted by the facts, and should not be disturbed (see Mad Den, Inc. v Vaccarino, 151 AD3d 712, 713; Iordanou v AJK Indus., Inc., 129 AD3d 1028).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court