Utopia Home Care, Inc. v Revival Home Health Care, Inc. (2019 NY Slip Op 07313)





Utopia Home Care, Inc. v Revival Home Health Care, Inc.


2019 NY Slip Op 07313


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2016-11976
 (Index No. 3404/13)

[*1]Utopia Home Care, Inc., respondent, 
v
Revival Home Health Care, Inc., et al., defendants, Gamzel NY, Inc., etc., appellant.


Rubin Sheeley Paterniti Gonzalez Kaufman LLP, New York, NY (Juan C. Gonzalez of counsel), for appellant.
Ahern & Ahern, Kings Park, NY (Dennis P. Ahern of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Gamzel NY, Inc., appeals from a judgment of the Supreme Court, Suffolk County (Jerry Garguilo, J.), entered September 27, 2016. The judgment, after a nonjury trial, is in favor of the plaintiff and against that defendant in the principal sum of $60,672.13.
ORDERED that the judgment is affirmed, with costs.
The plaintiff is a licensed home care service agency which provides home health aides and personal care aides. The defendant Gamzel NY, Inc. (hereinafter the defendant), is a certified home health agency which provides home health care services to patients. In 2004, the plaintiff and the defendant entered into a service agreement, which was amended in 2006, whereby the plaintiff agreed to provide the defendant with home health aides for the defendant's patients (hereinafter the contract).
In a letter to the plaintiff dated July 19, 2010 (hereinafter the 2010 letter), the defendant stated that "[n]o billings older than 30 days" would be honored after August 16, 2010. Therein, the defendant also stated that in the event the contract was renewed or extended, the defendant would require an amendment to the contract confirming the plaintiff's agreement to "these terms." The 2010 letter was signed by Annemarie Rahi, an administrator employed by the plaintiff, beneath the notation "ACKNOWLEDGED AND AGREED this 26[th] day of July, 2010."
In July 2012, the plaintiff requested that the defendant pay unpaid balances totaling $60,672.13. The defendant refused to pay those invoices, contending that the invoices were not sent within 30 days after the date of service, as set forth in the 2010 letter. The plaintiff commenced this action, inter alia, to recover damages for breach of contract. After a nonjury trial, the Supreme Court found in favor of the plaintiff and against the defendant in the principal sum of $60,672.13. The defendant appeals.
We agree with the Supreme Court's determination to enter a judgment in favor of the plaintiff and against the defendant in the principal sum of $60,672.13. In reviewing a determination [*2]made after a nonjury trial, the power of this Court is as broad as that of the trial court, and a judgment may be rendered if warranted by the facts, bearing in mind that in a close case, the trial court had the advantage of seeing the witnesses and hearing the testimony (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Jeffers v Stein, 152 AD3d 754, 754). Here, the Supreme Court's determination, which is based, in part, upon credibility determinations, is supported by the record and warranted by the facts, and should not be disturbed (see Mears v Long, 173 AD3d 734; Mad Den, Inc. v Vaccarino, 151 AD3d 712, 713).
We also agree with the Supreme Court's determination, based on the testimony of the plaintiff's president, Diane Martinez, that Rahi did not have actual authority to enter into any amendment of the contract. In the absence of actual authority, a principal may still be bound by the actions of a person who has apparent authority (see New York Community Bank v Woodhaven Assoc., LLC, 137 AD3d 1231, 1233). "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction" (Hallock v State of New York, 64 NY2d 224, 231; see Standard Funding Corp. v Lewitt, 89 NY2d 546, 551; Heights Props. 1388, LLC v Make Realty Corp., 151 AD3d 825, 827; Jesmer v Retail Magic, Inc., 55 AD3d 171, 182). An employee may be cloaked with apparent authority (see Matter of Shau Chung Hu v Lowbet Realty Corp., 161 AD3d 986, 988; CIT Tech. Fin. Servs., Inc. v Franklin First Fin., Ltd., 132 AD3d 715, 715-716).
Here, the defendant failed to prove its affirmative defense that Rahi had apparent authority to enter into an amendment of the contract on behalf of the plaintiff. The defendant's administrator, Steven Schwartz, testified that he never spoke with Rahi and did not know her responsibilities. Martinez testified that she never represented to the defendant that Rahi or any administrators had authority to enter into contracts on behalf of the plaintiff. Schwartz's testimony that administrators were the highest level point of contact that he had with the plaintiff and other home health care agencies was insufficient to establish that administrators customarily have the authority to enter into contracts. Further, Rahi did not testify at trial.
Moreover, the evidence proffered at trial failed to establish that the plaintiff ratified the terms of the 2010 letter through its conduct. " The act of ratification, whether express or implied, must be performed with full knowledge of the material facts relating to the transaction, and the assent must be clearly established and may not be inferred from doubtful or equivocal acts or language'" (Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 887, 889, quoting Lipman v Vebeliunas, 39 AD3d 488, 490 [internal quotation marks omitted]).
The defendant's remaining contentions are without merit.
MASTRO, J.P., RIVERA, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court