Matter of Elizabeth T. (2023 NY Slip Op 01302)

Matter of Elizabeth T.

2023 NY Slip Op 01302

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2020-03394
 (Index No. 665/16)

[*1]In the Matter of Elizabeth T. (Anonymous). Cheryl Kinch, petitioner-respondent; Fritz Reuter Altenheim, nonparty-appellant-respondent; Estate of Elizabeth T. (Anonymous), etc., et al., nonparty-respondents; Suretec Insurance Company, nonparty-respondent-appellant.

Michael Good, Brooklyn, NY, for nonparty-appellant-respondent.
Gerard J. Sweeney, Lake Success, NY, for nonparty-respondent Estate of Elizabeth T. (Anonymous).

DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, in which Cheryl Kinch, guardian of the person and property of Elizabeth T., moved to settle her final account, Fritz Reuter Altenheim appeals from an amended order of the Supreme Court, Queens County (Bernice D. Siegal, J.), dated July 1, 2020, and Suretec Insurance Company cross-appeals from an order of the same court dated January 27, 2020. The amended order, insofar as appealed from, upon a decision of the same court dated September 12, 2019, granted those branches of the motion of Cheryl Kinch, guardian of the person and property of Elizabeth T., joined by the Public Administrator of Queens County, as administrator of the estate of Elizabeth T., which were to deem a resident agreement dated October 28, 2016, entered into by and between Cheryl Kinch, as guardian of the person and property of Elizabeth T., and Fritz Reuter Altenheim, to be unenforceable, and to direct Fritz Reuter Altenheim to return to the estate of Elizabeth T., certain monies paid pursuant to that resident agreement.
ORDERED that on the Court's own motion, the notice of appeal of Fritz Reuter Altenheim from the order dated January 27, 2020, is deemed to be a premature notice of appeal from the amended order dated July 1, 2020 (see CPLR 5520[c]); and it is further,
ORDERED that the cross-appeal is dismissed as abandoned; and it is further,
ORDERED that the amended order dated July 1, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the Public Administrator of Queens County, payable by Fritz Reuter Altenheim.
In an amended order and judgment dated September 8, 2016, the Supreme Court, after a hearing, appointed Cheryl Kinch (hereinafter the guardian) as the guardian of the person and [*2]property of Elizabeth T., an 86-year-old incapacitated person, and granted the guardian, inter alia, the authority to "choose the place of abode" of Elizabeth T. The amended order and judgment directed the guardian to "make every effort" to relocate Elizabeth T. to Fritz Reuter Altenheim (hereinafter Fritz), a retirement community in New Jersey, and the court specified at the hearing that the placement of Elizabeth T. at Fritz was to be made "without further application to the court." The amended order and judgment also granted the guardian the authority to "enter into contracts, subject to prior Court approval."
On or about October 28, 2016, the guardian, on behalf of Elizabeth T., entered into a resident agreement with Fritz, inter alia, agreeing on an entrance fee of $300,000, with a down payment of $150,000, and monthly payments of $1,500 thereafter. In addition, the guardian executed a promissory note for the sum of $150,000, representing the remaining balance due and owing on the entrance fee. Elizabeth T. transferred to Fritz on or about November 2, 2016, but left the facility on December 22, 2016, when she was transferred to a hospital. Elizabeth T. died on December 30, 2016.
On or about March 7, 2017, the Public Administrator of Queens County (hereinafter the Public Administrator) was appointed as the personal representative of the estate of Elizabeth T. (hereinafter the estate).
In September 2018, the guardian moved to settle her final account. The guardian sought, inter alia, to deem the resident agreement unenforceable and to direct Fritz to return to the estate unused portions of the entrance fee paid. Fritz filed an affirmation in opposition and, among other things, asserted a claim against the guardianship. The Public Administrator filed an affirmation in support of the guardian's motion to settle her final account and joined in the request to deem the resident agreement unenforceable and to direct Fritz to return to the estate unused portions of the entrance fee paid.
In a decision dated September 12, 2019, the Supreme Court, inter alia, concluded that the guardian lacked authority to enter into the resident agreement and to execute the promissory note without prior court approval. In an order dated January 27, 2020, upon the decision, the court, among other things, granted those branches of the guardian's motion which were to deem the resident agreement unenforceable and to direct Fritz to return to the estate unused portions of the entrance fee paid, which the court determined amounted to a total of $104,833. An amended order dated July 1, 2020, inter alia, also granted those branches of the guardian's motion which were to deem the resident agreement unenforceable and to direct Fritz to return to the estate unused portions of the entrance fee paid. Fritz appeals.
"'Actual authority granted to an agent to bind his principal is created by direct manifestations from the principal to the agent, and the extent of the agent's actual authority is interpreted in the light of all the circumstances attending these manifestations, including the customs of business, the subject matter, any formal agreement between the parties, and the facts of which both parties are aware'" (New York Community Bank v Woodhaven Assoc., LLC, 137 AD3d 1231, 1233, quoting Demarco v Edens, 390 F2d 836, 844 [2d Cir]). Moreover, it is well established that it is words or conduct by the principal that are communicated to a third party that may create the apparent authority of the agent to act on behalf of the principal (see Hallock v State of New York, 64 NY2d 224, 231; New York Community Bank v Woodhaven Assoc., LLC, 137 AD3d at 1233). Here, the amended order and judgment appointing the guardian subjected the guardian's authority to enter into contracts on behalf of Elizabeth T. to the Supreme Court's prior approval, and it is undisputed that Fritz had knowledge of the amended order and judgment. Moreover, the record establishes that the guardian did not seek or otherwise obtain the court's approval prior to entering into the resident agreement on behalf of Elizabeth T. Accordingly, the court properly determined that the resident agreement was unenforceable.
While "the death of an incapacitated person deprives a guardian of the authority to continue representing that person and his or her property, unless the court that appointed the guardian enters an order modifying his or her authority to allow for the representation of the estate of the [*3]incapacitated person" (Matter of Rose V. [Scali], 171 AD3d 1077, 1078, citing Matter of Shannon, 25 NY3d 345, 350), under the particular circumstances of this matter, the Supreme Court properly directed Fritz to return to the estate unused portions of the entrance fee paid (cf. Matter of Rose V. [Scali], 171 AD3d at 1078).
Fritz's remaining contentions either are without merit or need not be considered in light of our determination.
BARROS, J.P., RIVERA, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court