Kim v Francis (2024 NY Slip Op 05639)

Kim v Francis

2024 NY Slip Op 05639

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Webber, J.P., Singh, Gesmer, González, Scarpulla, JJ. 

Index No. 650481/18 Appeal No. 3016 Case No. 2023-4281 

[*1]Paul Kim, Plaintiff-Appellant,
v
Jonathan Francis, et al., Defendants-Respondents, Elite Daily, et al., Defendants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Joseph, Terracciano & Lynam LLP, Syosset (Peter J. Terracciano of counsel), for Jonathen Francis, respondent.
Foster Garvey, P.C., New York (Alan A. Heller of counsel), for David Arabov, respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 24, 2023, which granted the motion of defendants Jonathan Francis, David Arabov, and Gerard R. Adams for summary judgment dismissing the breach of contract claim, limited the damages plaintiff may seek on the unjust enrichment claim, and dismissed the complaint against the defaulting defendants, unanimously modified, on the law, to remove any limitation on the damages plaintiff may seek on his unjust enrichment claim, and otherwise affirmed, without costs.
In this dispute over an ownership stake in a commercial website, the motion court properly dismissed the breach of contract claim. Irrespective of whether the July 7, 2011 email that Francis sent to plaintiff establishes a contract, there are no facts to support a finding that Francis had the authority — actual or apparent — to bind the other defendants. Moreover, Francis could not have conferred apparent authority upon himself through his own words and deeds (see generally New York Community Bank v Woodhaven Assoc., LLC, 137 AD3d 1231, 1233 [2d Dept 2016], lv denied 32 NY3d 1136 [2019]).
The motion court improperly held that plaintiff was limited to the value of his services on his unjust enrichment claim. Issues of fact exist as to whether the benefit conferred was sufficient to support his claim for an equity stake in the company that owned and later sold the website (see Liegey v Gadeh, 198 AD3d 460, 460 [1st Dept 2021]).
Lastly, the complaint against the defaulting defendants was properly dismissed (see Perricone v City of New York, 62 NY2d 661, 663 [1984]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024