Stewart v Spring Cr. Rehabilitation & Nursing Care Ctr. (2026 NY Slip Op 50226(U))

[*1]

Stewart v Spring Cr. Rehabilitation & Nursing Care Ctr.

2026 NY Slip Op 50226(U)

Decided on February 24, 2026

Supreme Court, Kings County

Mallafré Meléndez J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 24, 2026
Supreme Court, Kings County

Tracey Stewart, as Administratrix of the 
 Estate of CAROLYN STEWART, Plaintiff,

againstSpring Creek Rehabilitation and Nursing Care Center and 
 WILLOUGBY REHABILITATION & HEALTH CARE CENTER LLC, Defendants.

Index No. 538863/2025

PlaintiffTheodore Economu ([email protected])Economou and Economou PC85 Cold Spring Road, Ste 200Syosset, NY 11791516-682-0010Defendant Spring Creek Rehabilitation and Nursing Care CenterBenjamin Daniel Rosenfield ([email protected])Aaronson Rappaport Feinstein & Deutsch600 3rd Ave, Fl 5New York, NY 10016-1919212-593-8487Defendant Willougby Rehabilitation & Health Care Center LLC[no representation recorded]

Consuelo Mallafré Meléndez, J.

Recitation, as required by CPLR §2219 [a], of the papers considered in the review:
NYSCEF #s: 10—16, 17—18, 19Defendant moves (Seq. No. 1), pursuant to CPLR § 3211(a)(5), to dismiss the wrongful [*2]death cause of action as time-barred, and further moves, pursuant to CPLR § 501, § 510(1), and § 511(a) to transfer venue of the remaining causes of action from Kings County to Nassau County on the ground that venue was improperly designated by plaintiff.
In opposition papers, the plaintiff does not substantively oppose the first branch of the defendant's motion and states that it defers to the Court's determination with respect to the defendant's statute of limitations argument. At oral argument, plaintiff expressly stated that it does not oppose dismissal of the wrongful death cause of action. Accordingly, based upon the submissions of the parties and the statements during oral argument, the Court finds that the wrongful death cause of action is untimely and is therefore dismissed.
Plaintiff opposes the branch of the motion seeking a change of venue based upon a venue-selection clause contained in an admissions agreement purportedly executed by the decedent's daughter, Daphne Stewart, on the decedent's behalf. Plaintiff argues that the admissions agreement, including the venue-selection clause, is unenforceable because the signature of Daphne Stewart was not properly authenticated.
The decedent, Carolyn Stewart, died on October 12, 2023. Thereafter, Tracey Stewart was appointed Administratrix of the decedent's estate by order dated May 10, 2024 (Exhibit "C"). On November 4, 2025, plaintiff commenced this action by filing a Summons and Complaint asserting causes of action sounding in violations of New York Public Health Law § 2801-d and § 2803-c, negligence, gross negligence, and wrongful death. A copy of the Summons and Complaint is annexed as Exhibit "B."
An Admissions Agreement was executed on January 10, 2022, in connection with the admission of the decedent to Spring Creek Rehabilitation and Nursing Care Center. The Admissions Agreement contains a venue selection clause providing that "any and all actions arising out of or related to this Agreement shall be brought in, and the parties agree to exclusive jurisdiction of, the New York State Supreme Court, located in Nassau County, New York." (Exhibit "A" at p. 8). The movant claims that the Admissions Agreement was signed by the decedent's daughter, Daphne Stewart, on behalf of her mother, and by Karina Roytman, the Director of Admissions for Spring Creek, on behalf of the facility. A copy of the Admissions Agreement is annexed as Exhibit "A."
In support of the branch of the motion to change venue, defendant relies upon the forum selection clause contained in the Spring Creek Admissions Agreement and submits an affidavit from Karina Roytman, Director of Admissions for Spring Creek (annexed as Exhibit "D"). In her affidavit, Ms. Roytman attests, based upon her personal knowledge and her review of Spring Creek's records, that it was the facility's regular practice to enter into admissions agreements and to retain such agreements in the ordinary course of its operations. Defendant contends that the Admissions Agreement mandates that any action arising out of or related to the Agreement be brought exclusively in the New York State Supreme Court, Nassau County, and submits Ms. Roytman's affidavit in support of its position that the Agreement was properly executed, authenticated, and maintained in the ordinary course of Spring Creek's operations.
Plaintiff opposes the branch of defendant's motion seeking to transfer venue, arguing that the Admissions Agreement is inadmissible because it has not been properly authenticated. Plaintiff argues that authentication is a requirement distinct from the foundation necessary to establish a hearsay exception and asserts that defendant's submission fails to satisfy authentication requirements. Specifically, plaintiff argues that Ms. Roytman's affidavit addresses only her own signature and does not authenticate the signature of Daphne Stewart, who [*3]purportedly signed the Admissions Agreement on behalf of the decedent. Plaintiff further stresses that Ms. Roytman does not state that she witnessed Daphne Stewart execute the agreement, does not assert familiarity with Daphne Stewart's signature, and does not indicate that any handwriting comparison or expert verification was performed.
As a threshold matter, a party seeking to enforce a contractual venue selection provision bears the initial burden of establishing the authenticity of the writing upon which it relies (Knight v. New York & Presbyterian Hosp., 42 NY3d 699, 706 [2024]). Where authenticity is in issue, the proponent must demonstrate that the document is what it purports to be before the Court may consider enforcing its terms. Authentication may be established through any recognized method, including, but not limited to, a certificate of acknowledgment, comparison of handwriting, testimony of a witness who observed the execution of the document, an admission of authenticity, or circumstantial evidence demonstrating the genuineness of the signature (Knight, 42 NY3d at 704; see also Jerome Prince, Richardson on Evidence § 9 - 103; Young v. Crescent Coffee, Inc., 222 AD3d 704, 705 [2d Dept. 2023]).
Here, the defendant submits an affidavit from Karina Roytman, Director of Admissions for Spring Creek, who attests that she executed the Admissions Agreement on behalf of the facility and that the document was made and maintained in the regular course of Spring Creek's operations. Ms. Roytman further avers that she reviewed Spring Creek's records and located the Admissions Agreement at issue. To that extent, the Court finds that defendant has adequately authenticated Ms. Roytman's own signature and has established that the Admissions Agreement was created and maintained as a business record in the ordinary course of Spring Creek's operations. CPLR § 4518 (a).
However, the defendant's showing falls short with respect to the authentication of the signature purportedly executed on behalf of the plaintiff-decedent. Unlike the evidentiary submission upheld by the Court of Appeals in Knight, Ms. Roytman does not attest that she personally witnessed the execution of the Admissions Agreement by the plaintiff-decedent or that a representative of Spring Creek witnessed the plaintiff-decedents signature, she does not assert familiarity with Daphne Stewart's signature, nor does she describe the admissions process in a manner establishing that a Spring Creek representative was present at the time of execution, or provide circumstantial evidence demonstrating how or under what conditions the signature was obtained.
In Knight, the Court of Appeals held that the defendant nursing facility met its initial burden where its admissions director detailed the facility's standardized admissions practices, confirmed that a facility representative was present for the execution of the agreement, and explained that the representative's signature on the agreement confirmed that the document had been reviewed page-by-page with the resident and executed in the representative's presence (Knight, 42 NY3d at 705). The Court found that the defendant had prima facie established the authenticity of the resident's signature by submitting evidence that it appeared on two separate admissions agreements as well as on a "Medicare Signature on file Form," an "Assignment of Benefits Form," and a "HIPAA Authorization Form." The Court noted that the resident's initials appeared on each page of the agreements and the various attachments. The circumstantial evidence provided there was sufficient to establish authenticity and shift the burden to the plaintiff to raise a triable issue of fact. (Id.)
No comparable showing has been made here. Ms. Roytman's affidavit is silent as to the circumstances surrounding the execution of the Admissions Agreement by or on behalf of the [*4]plaintiff-decedent and provides no factual basis from which the Court can infer that the signature was genuine. As the Court of Appeals made clear in Knight, proof that a document is maintained in the regular course of business, standing alone, does not establish the authenticity of a disputed signature for purposes of enforcing a contractual venue provision (Knight, 42 NY3d 699).
Defendant further contends that the forum selection provision is enforceable against the plaintiff notwithstanding the fact that she did not personally execute the Admissions Agreement, arguing that Daphne Stewart purportedly signed the agreement on her mother's behalf, that the decedent accepted admission and thereby ratified the agreement, and that a nonsignatory may be bound where she is a third-party beneficiary or closely related to the agreement. However, in addition to demonstrating the existence and terms of a contractual forum selection clause, the proponent of such a clause must also demonstrate, prima facie, that it is enforceable against the party to be bound (see Sherrod v Mount Sinai St. Luke's, 204 AD3d 1053, 1055 [2d Dept 2022]; see also Puleo v Shore View Ctr. for Rehabilitation & Health Care, 132 AD3d 651, 652 [2d Dept 2015]; Casale v Sheepshead Nursing & Rehabilitation Ctr., 131 AD3d 436, 436 [2d Dept 2015]). Although a forum selection clause is "prima facie valid and enforceable," it is so only with respect to "the parties to that contract" (Sherrod at 1055-1056 [internal quotation marks and citations omitted]). "As a general rule, only parties in privity of contract may enforce terms of the contract such as a forum selection clause found within the agreement. Accordingly, unless a recognized exception applies, the general rule is that a forum selection clause may not be enforced against a nonsignatory" (Sherrod at 1056 [internal quotation marks and citations omitted]). Here, it is undisputed that neither the decedent nor the plaintiff signed the Admissions Agreement. Nor has defendant established that the alleged signatory, Daphne Stewart, was authorized to execute the agreement on the decedent's behalf as a "designated representative." No evidence is submitted of a duly signed power of attorney through which the signatory allegedly derived authority to bind the decedent to the terms of the agreement (see Bergman v Rosalind and Joseph Gurwin Jewish Geriatric Ctr. of Long Is., Inc., 227 AD3d 942, 944 [2d Dept 2024]).
In sum, the defendant has made no evidentiary showing that Daphne Stewart was appointed by a court, designated by the decedent, or qualified under the subdivision applicable where a resident lacks capacity (see Sherrod v Mount Sinai St. Luke's, 204 AD3d at 1055-1057). In the absence of proof that Daphne Stewart was authorized to bind the decedent, the agreement cannot be enforced against a non-signatory decedent.
Defendant also argues that the decedent "cloaked" her daughter with apparent authority to execute the Admissions Agreement on her behalf. However, apparent authority arises only from the words or conduct of the principal, communicated to a third party, which reasonably give rise to the appearance that the agent possesses authority to act (see Greene v. Hellman, 51 NY2d 197, 204 [1980]; see also Hgts. Props. 1388, LLC v Make Realty Corp., 151 AD3d 825, 827 [2d Dept 2017]; Standard Funding Corp. v Lewitt, 89 NY2d 546, 551 [1997]; Hallock v State of New York, 64 NY2d 224, 231[1984]). Here, the defendant identifies no words or conduct of the decedent, communicated to Spring Creek, that would reasonably support a finding that Daphne Stewart was authorized to bind her mother to contractual terms, including a forum selection provision. The mere fact of the decedent's admission to the facility, without more, does not constitute a manifestation of authority sufficient to establish an apparent agency relationship.
For the foregoing reasons, the branch of defendant's motion seeking to transfer venue from Kings County to Nassau County pursuant to CPLR 501, 510 (1), and 511 (a) is DENIED.
Accordingly, it is hereby:
ORDERED that Defendant's motion (Seq. No. 1), pursuant to CPLR 3211 (a) (5), to dismiss the wrongful death cause of action as time-barred is GRANTED; and it is further
ORDERED that the wrongful death cause of action is dismissed; and it is further
ORDERED that Defendant's motion, pursuant to CPLR 501, 510 (1), and 511 (a), to transfer venue of this action from Kings County to Nassau County is DENIED; and it is further
This constitutes the Decision and Order of this Court.
ENTER.Hon. Consuelo Mallafré Meléndez, J.S.C.