Bank of Am., N.A. v Sarwar
2026 NY Slip Op 02621
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Bank of America, N.A., respondent,
v
Muhammad Sarwar, et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2024-03593, (Index No. 31634/12)
Angela G. Iannacci, J.P.
Cheryl E. Chambers
Lillian Wan
Janice A. Taylor, JJ.

The Linden Law Group, P.C., New York, NY (Jeffrey Benjamin of counsel), for appellants.
Bryan Cave Leighton Paisner LLP, New York, NY (Suzanne M. Berger and Christine L. Andreoli of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendants Muhammad Sarwar and Zubaida Sarwar appeal from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated January 22, 2024. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their first affirmative defense and twenty-third affirmative defense/third counterclaim, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 26, 2010, the defendant Muhammad Sarwar (hereinafter Muhammad) executed a note in the amount of $657,305 in favor of the plaintiff, Bank of America, N.A. The note was secured by a mortgage on certain real property located in Suffolk County. The mortgage was signed by Muhammad and the defendant Zubaida Sarwar (hereinafter together the defendants).
On October 11, 2012, the plaintiff commenced this action to foreclose the mortgage against the defendants, among others. In their answer, the defendants alleged in their first affirmative defense that they "are the victims of a conspiracy to commit fraud and grand larceny in order to fund possible international nefarious, terrorist activities financed by a mortgage loan obtained without reasonable due diligence, and arranged through false pretenses, duress and repeated misrepresentations by employees and agents of the Plaintiff herein." The defendants' twenty-third affirmative defense/third counterclaim alleged that "Plaintiff's representatives, specifically . . . Shamveel Pasha [and] Peter Costa, . . . had sufficient notice to give rise to an inference that the bank actually knew or should have known that it was providing financial services for illegal activities." Muhammad submitted an affidavit in support of the answer and counterclaims, in which he stated that nonparty Ali Naderi arranged for the defendants to apply for a mortgage loan with the plaintiff for the purposes of investing in a business deal to acquire nine Dunkin Donuts stores. Muhammad stated that the loan application was originally denied, but that Naderi then introduced him to Pasha, purportedly as a representative of the plaintiff, at a Starbucks coffee shop. Muhammad stated that he also met with Costa during the closing of the loan and mortgage. Muhammad stated that he received $632,335.90 from "Bank of America, N.A." on March 31, 2010. Muhammad stated that, [*2]"[u]pon information and belief, the Business Deal [for the Dunkin Donuts stores] was never consummated and most of the funds we deposited in this business account were absconded and stolen by Naderi and his co-conspirators, including employees, representatives and agents of the Plaintiff."
Muhammad appeared for his deposition on May 1, 2019, May 2, 2019, December 9, 2020, and December 10, 2020. However, his deposition was not completed during that time. In an order dated June 13, 2022 (hereinafter the conditional preclusion order), the Supreme Court denied the defendants' motion pursuant to CPLR 3109 to direct that Muhammad's examination before trial be taken on written questions, and granted the plaintiff's cross-motion to compel Muhammad to appear for and complete his deposition. The conditional preclusion order stated that "[t]he defendants have been given numerous opportunities to provide this court with legitimate and necessary medical documentation supporting the allegation that [the] defendant Muhammad Sarwar's health issues prevent him from appearing at a deposition." The conditional preclusion order directed that, if Muhammad failed to complete his deposition within 30 days of the conditional preclusion order, he would be precluded from testifying at trial. Muhammad did not complete his deposition.
On February 23, 2023, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their first affirmative defense and twenty-third affirmative defense/third counterclaim, and for an order of reference. In support, the plaintiff submitted, among other things, an affidavit of Ryan Dansby, a vice president of the plaintiff. Dansby stated that he was familiar with the plaintiff's records and record-keeping practices. Dansby stated that Pasha was employed by Merrill Lynch Wealth Management, a subsidiary of the plaintiff, as a financial advisor in 2010, but that "BANA's records show no connection between Shamveel Pasha and the Loan, Borrower, or Borrower's family or that Shamveel Pasha had any contact of any kind with Defendants for any purpose at any time." Dansby attached a computer printout regarding Pasha's employment with the plaintiff. Dansby further stated that the records showed that Peter D. Costa was "employed as a Global Commercial Banking ('GCB') Senior Relationship Manager (2007-2011) for the Middle Market Banking Group which serves middle market companies and institutions with annual revenues of up to $2 billion who need financial services or products. He had no responsibilities for consumer transactions nor residential mortgage loans and would not have had authority to represent Plaintiff with respect to consumer (as opposed to commercial) lending transactions. Peter Costa's job responsibilities covered the region of Connecticut, Massachusetts and Rhode Island—not New York." Dansby also attached a computer printout regarding Costa's employment with the plaintiff.
In opposition, the defendants submitted another affidavit from Muhammad. The defendants further submitted a transcript of the deposition testimony of Aqil Muhammad Sarwar (hereinafter Aqil), the defendants' son, who testified that he and Muhammad met with Pasha, not at the offices of the plaintiff, but at a Starbucks coffee shop. Aqil did not state exactly what Pasha allegedly did to facilitate the mortgage application and approval. The defendants further submitted an email, purportedly from Costa, at a personal email address. The email refers to "what we need" regarding funds to be deposited in a Chase account. The email does not state anything about a mortgage loan.
The defendants further submitted an order of the Supreme Court dated October 27, 2022, appointing Aqil as Muhammad's guardian for property management and personal needs. In an email dated December 22, 2022, the defendants' attorney stated to the plaintiff's attorney that Muhammad consented to this guardianship.
In an order dated January 22, 2024, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their first affirmative defense and twenty-third affirmative defense/third counterclaim, and for an order of reference. The court noted that a prior order had "determined that [the] plaintiff BANA made a prima facie showing by demonstrating that it is the owner and/or holder of the loan documents, that there has been a default, and that the default has not [*3]been cured by the defendants." The court declined to consider Muhammad's affidavit offered in opposition to the motion. The defendants appeal.
"A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (Naiman v Fair Trade Acquisition Corp., 152 AD3d 779, 780). "If the party fails to produce the discovery by the specified date, the conditional order becomes absolute" (id.; see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82-83). "To be relieved of the adverse impact of the conditional order of preclusion, a party is required to demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious defense" or cause of action (Naiman v Fair Trade Acquisition Corp., 152 AD3d at 780; see Gibbs v St. Barnabas Hosp., 16 NY3d at 80). Here, after the Supreme Court issued the conditional preclusion order, Muhammad did not complete his deposition and, therefore, was precluded from testifying in support of his affirmative defenses and counterclaims. Under the circumstances presented here, since the defendants failed to submit any medical documentation regarding why Muhammad was unable to complete his deposition, the court properly declined to consider Muhammad's affidavit offered in opposition to the plaintiff's motion (see First London Commodity Options v Shearson Hayden Stone, 81 AD2d 518, 519; Ok Sun Chong v Scheelje, 2021 WL 1731982 [Sup Ct, Queens County], affd 218 AD3d 693).
The Supreme Court also properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their first affirmative defense and twenty-third affirmative defense/third counterclaim, and for an order of reference. "In the absence of actual authority, a principal may still be bound by the actions of a person who has apparent authority" (Utopia Home Care, Inc. v Revival Home Care, Inc., 176 AD3d 900, 902; see New York Community Bank v Woodhaven Assoc., LLC, 137 AD3d 1231, 1233). "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction" (Hallock v State of New York, 64 NY2d 224, 231; see Standard Funding Corp. v Lewitt, 89 NY2d 546, 551; Heights Props. 1388, LLC v Make Realty Corp., 151 AD3d 825, 827).
Here, the plaintiff established, prima facie, that neither Pasha nor Costa had any authority regarding the defendants' mortgage loan application or approval. In opposition, the evidence submitted by the defendants failed to raise a triable issue of fact as to whether Pasha or Costa had apparent authority, and, moreover, failed to raise a triable issue of fact as to whether those individuals were even involved in the loan application process (see Utopia Home Care, Inc. v Revival Home Health Care, Inc., 176 AD3d at 902).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court